## GAZLAY *v.* WILLIAMS, TRUSTEE OF BROWN, BANKRUPT.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 164.   Argued March 11, 1908.—Decided May 18, 1908.

Where the trustee can only sell a lease subject to the claim of the lessors that the transfer of the bankrupt's interest in the lease gives a right of reëntry under a condition therein, the bankruptcy court has jurisdiction of a proceeding, initiated by the trustee and to which the lessors are parties, to determine the validity of the lessor's claim and remove the cloud caused by the lessor's claim.

The passage of a lease from the bankrupt to the trustee is by operation of law and not by the act of the bankrupt nor by sale, and a sale by the trustee of the bankrupt's interest is not forbidden by, nor is it a breach of, a covenant for reëntry in case of assignment by the lessee or sale of his interest under execution or other legal process, where, as in this case, there is no covenant against transfer by operation of law.

147 Fed. Rep. 678, affirmed.

June 16, 1902, W. A. Gazlay, Hanna F. Gazlay, Hulda G. Miller, Emma G. Donaldson, Julia G. Stewart and Clara G. Kuhn entered into a written agreement as lessors with one J. D. Kueny, whereby, in consideration of the rents to be paid and the covenants to be performed by said lessee, his heirs and assigns, they leased to said Kueny certain premises situate on the east side of Vine street, south of Sixth street, Cincinnati, Ohio, for a period of ten years, with the privilege of ten years additional.

The lease contained the following condition:

"Provided, however, that if said lessee shall assign this lease or underlet said premises, or any part thereof, or if said lessee's interest therein shall be sold under execution or other legal process, without the written consent of said lessors, their heirs or assigns, is first had, or if said lessee or assigns shall fail to keep any of the other covenants of this lease by

said lessee to be kept, it shall be lawful for said lessors, their heirs or assigns, into said premises to reënter and the same to have again, repossess and enjoy as in their first and former estate, and thereupon this lease and everything therein contained on the said lessors' behalf to be done and performed, shall cease, determine, and be utterly void."

On the ninth of April the lessors filed a petition in the Superior Court of Cincinnati, Ohio, against J. D. Kueny for the recovery of rent due under the lease. In their petition the lessors asked that a receiver be appointed to take charge of all the property of said J. D. Kueny, including said leasehold estate, and that said leasehold premises and the unexpired term be sold, "subject, however, to all the terms, covenants and conditions contained in the lease from said plaintiffs to said J. D. Kueny." The court thereupon appointed receivers to take charge of and manage said property, and later made an order directing said receivers to sell all of the personal property of said J. D. Kueny, including the leasehold estate, and under said order all of said property, including said leasehold estate, was sold to H. D. Brown, who took possession of the same, made extensive improvements thereon and paid to the lessors the rent reserved under said lease, from the time he took possession, July, 1905, to January, 1906, when proceedings were begun against him in the District Court of the United States for the Southern District of Ohio, Western Division, to have him adjudged a bankrupt.

Pending the adjudication, a receiver was appointed, who took charge of all of Brown's property, including said leasehold estate, and who, as such receiver, paid to said lessors the rent reserved in said lease for the month of January, 1906.

In February, 1906, the appellee herein, Fletcher R. Williams, was elected as trustee in bankruptcy of the estate and effects of said Brown, and on March 1, 1906, he filed in the bankruptcy proceedings an application for the sale of said leasehold estate, making the lessors parties thereto, and asking that they be required to set up any claim they might have upon the same.

Process was issued and served upon all but one of the lessors on March 5, 1906, and on that one on March 9, 1906.

On March 6, 1906, said trustee paid to W. A. Gazlay rent for the month of February, 1906, the amount paid being the monthly sum named in the said lease. Thereupon said lessors, coming in for the purposes of the motion only, filed a motion to be dismissed from the proceedings on the ground that the court had no jurisdiction over their persons, which motion was overruled by the referee in bankruptcy. Thereupon the lessors filed an answer "and without intending to enter their appearance herein, but acting under protest and the direction of the court," alleged that the lease contained the condition, among others, "that if said lessee should assign the lease or underlet said leased premises or any other part thereof, or if said lessee's interest therein should be sold under execution or other legal process without the written consent of said lessors, their heirs or assigns first had; or if said lessee or assign should fail to keep any of the other covenants of the lease by lessee to be kept, it should be lawful for said lessors, their assigns or heirs, into said premises to reënter and the same to have again, repossess and enjoy, as in the first and former estate; and thereupon this lease and everything therein contained on said lessor's behalf to be done and performed, should cease, determine and be utterly void. They further say that said lease and the premises thereby leased passed into the possession of Harry D. Brown, the bankrupt herein, without the written consent of said lessors, but with their acquiescence only, and that said condition in said lease is still in full force and effect as against said Harry D. Brown and his trustee in bankruptcy herein. That at the time of filing of the application herein, so far as they know or are informed, the said lessors had no claim in said leasehold premises adverse to said trustee in bankruptcy."

The case was submitted to the referee upon these pleadings, an agreed statement of facts, and the arguments and briefs of counsel.

The referee found that the trustee being in lawful possession of said leasehold estate, the court had jurisdiction of the persons and subject-matter of the suit; that the claim of the lessors, assuming that they had one and that it would be enforcible only after a sale, nevertheless was in the nature of a cloud upon the title of the trustee to said leasehold estate, and, as such, could be determined in this proceeding in advance of its happening, and he thereupon held that the lessors had no right, as against the trustee in bankruptcy herein, to forfeit the lease in the event of a sale by him under the court's order and ordered the trustee to sell the same free from any claim or right on the part of the lessors to forfeit the same. To these findings and this judgment of the referee the lessors took exception and filed a petition for a review of the same in the District Court in Bankruptcy. The referee certified his proceedings to the District Court, where, upon a hearing on the pleadings and facts, the findings and judgment of the referee were affirmed and the petition dismissed.

From this judgment the lessors took an appeal to the United States Circuit Court of Appeals for the Sixth Circuit. There the cause was again submitted upon the same pleadings and facts as in the District Court, and that court affirmed the judgment of the District Court, and held that the clause in said lease providing for its forfeiture in case of a sale of the same under execution or other legal process, without the lessors' written consent thereto, had no application to a sale by the trustee in bankruptcy, and that, therefore, the lessors could not forfeit the lease in case the trustees herein should sell the same. 147 Fed. Rep. 678.

From this judgment the present appeal was taken.

*Mr. Oscar W. Kuhn* for appellants:

As between the original parties to this lease, the condition, that if lessee's interest should be sold under execution or other legal process without the lessors' written consent, it might be forfeited by the lessors, was a lawful and valid condition

and, in the event of such a sale, would have rendered the lease voidable in the hands of the purchaser. *Farnum* v. *Heffner*, 79 California, 575; *Rex* v. *Tapping*, McClel. & Y. 544; *Davis* v. *Eyton*, 4 M. & P. 820; *Doe* v. *Clark*, 8 East, 185; *In re Ells*, 98 Fed. Rep. 967; Tiffany on Real Property, p. 106; 1 Taylor, Landlord and Tenant, 409.

The lessors have the right to forfeit this lease in the event of its sale by the trustee herein under his application for an order of the court to do so. That is to say, the above condition is still in force as between the lessors and the trustee in bankruptcy. The purchaser, Brown, took the leasehold estate subject to all of the terms, covenants and conditions of the lease. *Kew* v. *Trainor*, 150 Illinois, 150.

The lease contains no provision for its forfeiture in the event of the bankruptcy of the lessee, therefore Brown's bankruptcy was not a violation of any of the provisions of the lease. Nor was the passing of Brown's title to his trustee in bankruptcy a violation of any of the provisions of the lease relating to an assignment or sale of it, because this passing of the title to the trustee was accomplished not by a voluntary assignment nor by a sale under execution or other legal process, but solely by force of the bankrupt act, § 70*a* and therefore the lessors had no right to forfeit the lease in the hands of the trustee. *Watson* v. *Merrill*, 14 Am. Bank. Rep. 453, 458; *In re Curtis*, 9 Am. Bank. Rep. 286; *In re Pennewell*, 9 Am. Bank. Rep. 490; *Farnum* v. *Heffner*, 79 California, 575.

But since, as has been shown, Brown held the leasehold estate subject to all of the terms, covenants and conditions of the lease, which made it liable to be forfeited in the event of its sale under legal process without the written consent of the lessors, and since the title of the trustee in bankruptcy is the same as that of the bankrupt, Brown, it follows that the trustee holds the title to the leasehold estate subject to all of the terms, covenants and conditions of the lease, and a sale of it by him under legal process without the lessors' written consent will make it liable to be forfeited in the hands of any

purchaser at such a sale.   *York Mfg. Co.* v. *Cassell*, 201 U. S.
344; *Thompson* v. *Fairbanks*, 196 U. S. 516; *Hewit* v. *Berlin
Machine Works*, 194 U. S. 296; Bankruptcy Act, § 70a.

*Mr. Province M. Pogue* and *Mr. Walter A. De Camp* for ap-
pellee:

If the District Court had jurisdiction, then the lessors have
lost their right of forfeiture, if a sale is made by the trustee in
these proceedings, by reason of the action instituted by the
lessors, the appellants, in the Superior Court of Cincinnati, in
which the leasehold estate of Kueny was sold at public auction
without limit or reserve by that court to Brown, the bankrupt,
who took possession and paid rent.   *Dumpor's Case*, 4 Coke,
119; *S. C.*, 1 Smith's Leading Cases, 95, 117; Taylor on Land-
lord and Tenant, §§ 287, 497, 498; *Murray* v. *Harway*, 56 N. Y.
339; *Lloyd* v. *Crispe*, 5 Taunton, 249, 253; *McGlynn* v. *Moore*,
25 California, 384; *Deaton* v. *Taylor*, 90 Virginia, 219, 295;
*Conger* v. *Duryea*, 90 N. Y. 599; *Brumell* v. *Macpherson*, 14
Ves. Jr. 175, 176.

After the receiver in bankruptcy took hold, after the trustee
had been chosen by the creditors and qualified, after the
trustee had elected to take absolutely the leasehold estate for
the purposes of sale, and after these very proceedings had been
instituted to quiet the title preparatory to a sale, the lessors
received rent from the bankrupt estate through Williams,
trustee, without objection.   Thereby they waived their right
of forfeiture, and the trustee can sell free from such right of
forfeiture.   Taylor on Landlord & Tenant, §§ 497, 498; *Wilder*
v. *Eubank*, 21 Wend. 587; *Garnhart* v. *Finney*, 40 Missouri,
449; *The Elevator Case*, 17 Fed. Rep. 200; *Warner* v. *Cochran*,
128 Fed. Rep. 553; *Hasterlik* v. *Olson*, 75 N. E. Rep. 1002
(Illinois); *Fleming* v. *F. H. Co.*, 61 Atl. 157.

There is no provision in the lease for a right of forfeiture by
reason of a sale in bankruptcy, and, therefore, even though
all other provisions of the lease were preserved, this sale would
not entitle them to forfeit if the trustee sold.

By a person being declared a bankrupt, under the terms of the lease, whose provisions have been heretofore quoted, the lease is not forfeited. *In re Ells,* 98 Fed. Rep. 967.

Under the foregoing decision the court says there is no distinction between the old bankruptcy law and the new bankruptcy law on this subject. While there is a diversity of opinion on this subject, the weight of authority seems to be that the lease is not terminated, unless the trustee does not desire to hold it as a part of the estate or unless the landlord has the property turned over to him voluntarily, either through his own act or the act of the trustee. *In re Pennewell,* 119 Fed. Rep. 139 (C. C. A.); Loveland on Bankruptcy, 165 and authorities cited therein; *In re Houghton,* 1 Lowell, 554; *Farnum* v. *Heffner,* 79 California, 580; *Smith* v. *Putman,* 3 Pickering, 221; *Doe* v. *Bevan,* 3 M. & S. 353; *The Elevator Cases,* 17 Fed. Rep. 200; *Gregg* v. *Landis,* 21 N. J. Eq. 494, 501.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

The passage of the lessee's estate from Brown, the bankrupt, to Williams, the trustee, as of the date of the adjudication, was by operation of law and not by the act of the bankrupt, nor was it by sale. The condition imposed forfeiture if the lessee assigned the lease or the lessee's interest should be sold under execution or other legal process without lessors' written consent.

A sale by the trustee for the benefit of Brown's creditors was not forbidden by the condition and would not be in breach thereof. It would not be a voluntary assignment by the lessee, nor a sale of the lessee's interest, but of the trustees' interest held under the bankruptcy proceedings for the benefit of creditors. Jones in his work on Landlord and Tenant lays it down (§ 466) that "an ordinary covenant against subletting and assignment is not broken by a transfer of the leased premises by operation of law, but the covenant may be so

drawn as to expressly prohibit such a transfer, and in that case the lease would be forfeited by an assignment by operation of law." The covenant here is not of that character.

The doctrine of *Dumpor's Case*, 4 Rep. 119; *S. C.*, 1 Smith's Leading Cases, *85, is that a condition not to alien without license is determined by the first license granted, and District Judge Thompson expressed the opinion that it was applicable here, and that the sale to Brown, under the order of the Superior Court of Cincinnati entered on the petition of these lessors for the recovery of rent, set the leasehold free from the forfeiture clauses, especially as that court did not direct that the sale be subject to the terms, covenants and conditions of the lease, as prayed for in the petition. Moreover the lessors, in their answer in these proceedings, stated that "said lease and the premises thereby leased passed into the possession of Harry D. Brown, the bankrupt herein, without the written consent of said lessors, but with their acquiescence only, and that said condition in said lease is still in full force and effect as against said Harry D. Brown and his trustee in bankruptcy herein."

In respect of the lessors Brown may be treated, then, as if he were the original lessee, and the sale by his assignee in bankruptcy, under order of the bankruptcy court, was not a breach of the condition in question. The language of Bayley, J., in *Doe* v. *Bevan*, 3 M. & S. 353, cited by the Court of Appeals, is applicable.

The premises in question in this case, being a public house, were demised by Goodbehere to one Shaw for a term of years, and Shaw covenanted that he, his executors, etc., should not nor would during the term assign the indenture, or his or their interest therein, or assign, set or underlet the messuage and premises, or any part thereof, to any person or persons whatsoever, without the consent in writing of the lessor, his executors, etc. Proviso, that in case Shaw, his executors, etc., should part with his or their interest in the premises, or any part thereof, contrary to his covenant that the lessor might

reënter. Afterwards Shaw deposited this lease with Whitbread & Company as a security for the repayment of money borrowed of them; and, becoming bankrupt, and his estate and effects being assigned by the commissioners to his assignees, the lease was, upon the petition of Whitbread & Company, directed by the Lord Chancellor to be sold in discharge of their debt, and was, accordingly, sold to the defendant, and, without the consent of Goodbehere, assigned to the defendant by the assignees, and he entered, etc. The trial judge ruled that this was not a breach of the proviso not to assign without consent, etc., inasmuch as the covenant did not extend to Shaw's assignees, they being assignees in law; wherefore he directed a nonsuit. The rule to set aside the nonsuit was discharged on argument before Lord Ellenborough, C. J.; Le-Blanc, J.; Bayley, J., and Danforth, J. (delivering concurring opinions), and Bayley, J., said:

"It has never been considered that the lessee's becoming bankrupt was an avoiding of the lease within this proviso; and if it be not, what act has the lessee done to avoid it? All that has followed upon his bankruptcy is not by his act, but by the operation of law transferring his property to his assignees. Then shall the assignees have capacity to take it, and yet not to dispose of it. Shall they take it only for their own benefit, or be obliged to retain it in their hands to the prejudice of the creditors, for whose benefit the law originally cast it upon them? Undoubtedly that can never be."

*Decree Affirmed.*