## In re LARKEY et al.

## In re KONNER et al.

### (District Court, D. New Jersey. May 27, 1914.)

1. BANKRUPTCY (§ 11*)—JURISDICTION OF COURT—CONTROVERSY OVER LEASE.

Pending a hearing on an involuntary petition in bankruptcy, and after the appointment of receivers, lessors of the alleged bankrupts filed a petition for recovery of the leased premises on the ground of breach of covenants in the lease. The alleged bankrupts had previously subleased the premises, with the lessors' consent, by a separate instrument for the remainder of the term. *Held* that, as the title to the leasehold was in the alleged bankrupts who were still liable on the lease, the subtenants merely claiming through them, their rights under the lease were the subject-matter of the proceeding, and it was within the jurisdiction of the court of bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 11; Dec. Dig. § 11.*]

2. BANKRUPTCY (§ 11*)—JURISDICTION OF COURT—CONTROVERSY OVER LEASE.

The court, having acquired jurisdiction on such petition of the subject-matter and of the parties, had power, as a court of equity, and was under the duty to determine the rights of all parties, even though the receivers made no claim, and before the hearing a composition had been confirmed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 11; Dec. Dig. § 11.*]

3. LANDLORD AND TENANT (§ 37*)—CONSTRUCTION OF LEASE—PROVISION FOR FORFEITURE.

A provision for a forfeiture in a lease will be construed strictly in favor of the tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 98; Dec. Dig. § 37.*]

4. LANDLORD AND TENANT (§ 34*)—CONSTRUCTION OF LEASE—PROVISION FOR FORFEITURE.

A provision of a lease making it subject to forfeiture by the lessor, "if proceedings in bankruptcy shall be instituted by or against the lessees, * * * whereupon the said demised premises shall be taken or attempted to be taken, or if a receiver or trustee shall be appointed of the lessees' property," does not render the lease forfeitable because of the mere filing of a petition in bankruptcy against the lessees, nor because of the appointment of a receiver as custodian pending a hearing on the petition, where no attempt has been made to take or interfere with the demised premises which are in the possession of a subtenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 97; Dec. Dig. § 34.*]

5. BANKRUPTCY (§ 11*)—COURT OF BANKRUPTCY—EQUITABLE JURISDICTION.

Where a court of bankruptcy has acquired jurisdiction to determine the right of a lessor to a forfeiture under the terms of the lease, it will proceed on equitable principles and will refuse to enforce a forfeiture, if inequitable, even though, as strict matter of law, the lessor may be entitled to it.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 11; Dec. Dig. § 11.*]

In Bankruptcy. In the matter of Aaron Larkey and others, trading as Larkey Bros., alleged bankrupts. On application of Jacob

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Konner and Gustav Mikola to have the receiver, the alleged bankrupts, and a subtenant surrender certain leased premises. Petition denied.

Bilder & Bilder, of Newark, N. J., for petitioners.

Charles B. Dunn, of Paterson, N. J., and Aaron V. Dawes, of Heightstown, N. J., for respondent Feinstein.

HAIGHT, District Judge. This matter is before the court on an intervening petition filed in the bankruptcy proceedings. The petitioners, Jacob Konner and Gustav Mikola, pray that certain premises, belonging to them and leased to the alleged bankrupts, be ordered surrendered, because of alleged breaches of a covenant in the lease. The original lease, which is dated the 9th of August, 1911, contains the following provision:

"That if the lessees shall at any time during the term hereby demised become insolvent, or if proceedings in bankruptcy shall be instituted by or against the lessees, or if the lessees shall compound the lessees' debts or assign over the lessees' estate or effects for payment thereof, or if any execution or attachment shall issue against the lessees, or any of the lessees or any of the lessees' effects whatsoever, whereupon the said demised premises shall be taken or attempted to be taken, or if a receiver or trustee shall be appointed of the lessees' property or if this lease shall, by operation of law, devolve upon or pass to any person or persons other than the said lessees, then, and in each of said cases, it shall and may be lawful for the lessors at the lessors' election, into and upon the said demised premises or property, or any part thereof, in the name of the whole, to enter and the same to have, hold, possess and enjoy, as of the lessors' former estate discharged from these presents and the demise intended to be hereby made as aforesaid, anything herein contained to the contrary thereof in any wise notwithstanding."

Subsequently, by an instrument dated the 20th of August, 1912, the landlords consented that the lessees might sublet the premises "subject to all of the covenants and provisions of the said lease" (the original lease). Thereupon the lessees (the alleged bankrupts), by an instrument dated the 21st day of August, 1912, sublet the premises for the balance of the term of the original lease to the respondent, Samuel Feinstein, who shortly thereafter entered, and has since continued in possession of the same. The sublease contained the same provisions as the original lease, and the same rent was reserved. It is entirely clear from the evidence that the landlords knew, before they consented to the sublease, who the subtenant was to be, and that they approved of him and of the purpose for which he was to use the premises. On the 20th of December, 1913, an involuntary petition in bankruptcy was filed against the original lessees, and a receiver was appointed. Almost immediately thereafter the landlords filed the petition, upon which these proceedings are based. In it they expressed their election to reenter the premises because of two alleged breaches of the covenant. They pray:

"That an order may be made authorizing and directing the said ———, as receiver in bankruptcy of the said bankrupts, and the said alleged bankrupts, and the said Samuel Feinstein, trading as the Hudson Cloak & Suit Store, to surrender up the demised premises."

Upon the filing of the petition, an order to show cause why the prayer of the petition should not be granted was made. Upon the return of this order, the subtenant and the alleged bankrupts appeared, by counsel, in opposition. The receiver did not appear. Subsequent to the return of the order to show cause and the taking of proofs, the bankrupts offered a compositoin, which was confirmed.

[1] There was never an adjudication, and consequently no trustee was appointed. At the time of the argument, I was in doubt as to the jurisdiction of this court, as a court of bankruptcy, over the subject-matter of the litigation, as the whole controversy was between the landlords and the sublessee; the receiver asserting no right or claim to the leased premises. Both parties have consented and requested that the court take jurisdiction, but this would not be sufficient if the court did not in fact have jurisdiction of the subject-matter. I have concluded that the court had such jurisdiction at the time this proceeding was instituted. The leasehold estate, which is the subject-matter of this proceeding, was the property of the alleged bankrupts. The rights of the subtenant were dependent upon those of the original lessees, unless there was some equity between the subtenants and the landlords which gave the former superior rights. Although the alleged bankrupts had sublet the premises for the balance of their term, still they had the possibility of a reverter upon the breach of any of the conditions of the sublease, and they were obligated to the landlords on the original lease and to the subtenant on the sublease. The title to the leasehold was in them. It had not been assigned, and there was no adverse claimant to the title; the sublessees merely claiming, through the alleged bankrupts, a right to possession by virtue of the sublease. The proceeding must be viewed initially as one to determine the interest and rights of the alleged bankrupts in the leasehold, which had become subject to the jurisdiction of the Bankruptcy Court as property of the bankrupt. This court, as a court of bankruptcy, therefore, had jurisdiction of the subject-matter of the litigation. Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157; Gazlay v. Williams, 210 U. S. 41, 28 Sup. Ct. 687, 52 L. Ed. 950.

[2] The fact that the receiver did not assert any claim to the leasehold does not oust the court of jurisdiction, if the alleged bankrupts did in fact have an interest. As above shown, they did have such an interest. All of the bankrupts' property, title to which is not held adversely by a third person, is, upon the filing of the petition in bankruptcy, placed in custodia legis (Cameron v. U. S., 231 U. S. 710, 34 Sup. Ct. 244, 58 L. Ed. 448), and jurisdiction exists to determine controversies in relation to the disposition of the same and the extent and character of the rights therein (Whitney v. Wenman, supra). In the latter case it was held that the voluntary surrender of certain property, which was the subject-matter of the suit, by the receiver, did not defeat the jurisdiction of the bankruptcy court; Mr. Justice Day remarking:

"The court had possession of the property and jurisdiction to hear and determine the interests of those claiming a lien therein or ownership thereof "

The court having acquired jurisdiction of the subject-matter and of the parties, and this being a proceeding in equity, the power is conferred and duty imposed upon the court to consider and determine the rights and claims of all the parties to the subject-matter of the litigation, even though it were determined that the bankrupts' estate had no further interest in the leasehold. In re Blake, 150 Fed. 279, 80 C. C. A. 167. Nor did the confirmation of the composition terminate the court's jurisdiction to determine this controversy. In re J. C. Winship Co., 120 Fed. 93, 56 C. C. A. 45 (C. C. A. 7th Ct.); In re Cadenas & Coe (D. C. S. D. N. Y.) 178 Fed. 158; United States v. Sondheim (D. C. Mass.) 188 Fed. 378.

The case, therefore, may be considered on the merits. Two breaches of the covenant in question are alleged, by virtue of either of which, it is urged, the leasehold has, upon the election of the landlords, become forfeited, namely: (1) That proceedings in bankruptcy have been instituted against the lessees; and (2) that a receiver has been appointed.

[3] Forfeitures are not favored either at law or in equity (MacKensie v. Trustee, 67 N. J. Eq. 652, 61 Atl. 1027, 3 L. R. A. [N. S.] 227), and a provision for a forfeiture will be construed strictly in favor of the tenant (Tiffany on Landlord & Tenant, § 194, p. 1393, and cases there cited).

[4] As I construe the covenant, having in mind the above-stated principles, there has not been a breach in either of these respects which has worked a forfeiture. The mere instituting of proceedings in bankruptcy is not a ground for forfeiture, but is only when, by virtue of such proceedings, the "demised premises shall be taken or attempted to be taken" that a right of re-entry is given. The words "whereupon the demised premises shall be taken or attempted to be taken" relate to and qualify the words "if proceedings in bankruptcy shall be instituted by or against the lessee." This is the grammatical as well as the reasonable construction. The manifest purpose of the covenant was to prevent the leasehold from passing to any other person than the lessees and to thereby avoid the possibility of an undesirable tenant being forced on the lessors. Strength is given to this construction when it is considered that a covenant against subletting or assigning or prohibiting a sale under execution or other legal process is not broken where the leasehold has passed from a bankrupt to the trustee by operation of law, nor even where there is a sale by the trustee of the bankrupt's interest. Gazlay v. Williams, 210 U. S. 41, 28 Sup. Ct. 687, 52 L. Ed. 950. It was to obviate such a condition that I think the covenant in question was inserted. There was a further covenant in the lease against subletting and assigning, and provision for re-entry upon nonpayment of rent. The mere institution of the bankruptcy proceedings would not affect the lessors, unless the result was to take the leasehold estate from the lessees, any more than would the issuing of an attachment or an execution. It is perfectly clear that the issuing of an execution or an attachment against the lessees would not be ground for a forfeiture unless the "demised premises shall be taken or attempted to be taken." No attempt has been made in this case, by virtue of the bankruptcy proceedings or otherwise, to take the demised premises."

The further provision of the covenant "if a receiver shall be appointed," I think, must be construed to mean a person upon whom title to the leasehold would devolve by legal proceedings or by operation of law. The purpose of the covenant, as I have interpreted it, would seem to render this conclusion inevitable. The context would also seem to bear out this construction, for the clause immediately following indicates that character of the person whose appointment would be a breach of the covenant, namely, one upon whom the title to the lease would devolve. A receiver in bankruptcy takes no title, but is a mere custodian, and the title to the leasehold did not devolve upon any other person than the lessees by reason of either these proceedings in bankruptcy or the appointment of the receiver; nor was the possession in any way changed. A marshal might just as well have been appointed as a receiver, and his interest in the title to the leasehold or possession of the premises would have been just the same as a receiver. The appointment of a marshal to take charge of the lessee's property is not made a ground for forfeiture in the covenant. If it was intended that the appointment of a mere custodian should give a right to re-entry, it is difficult to understand why the appointment of a marshal to take charge of the lessee's property should not have been made a basis for forfeiture, as well as the appointment of a receiver.

[5] If my construction of the covenant is erroneous, and there has been a breach in either or both respects, still I do not think that the petitioners are entitled to a decree which would enforce a forfeiture. This is a proceeding in equity. Houghton v. Burden, 228 U. S. 161, 33 Sup. Ct. 491, 57 L. Ed. 780; Bardes v. Hawarden Bank, 178 U. S. 525, 20 Sup. Ct. 1000, 44 L. Ed. 1175; In re Blake, 150 Fed. 279, 80 C. C. A. 167 (C. C. A. 8th Ct.); Dodge v. Norlin, 133 Fed. 363, 66 C. C. A. 425 (C. C. A. 8th Ct.); In re Rochford, 124 Fed. 182, 59 C. C. A. 388 (C. C. A. 8th Ct.).

It was said by Mr. Justice Brewer in Hurley v. Atchison, Topeka & Santa Fé R. R., 213 U. S. 132, 29 Sup. Ct. 468, 53 L. Ed. 729 (quoting from In re Chase, 124 Fed. 753, 59 C. C. A. 629):

"Bankruptcy proceeds on equitable principles so broad that it will order a repayment when such principles require it, notwithstanding * * * the trustee may have received the fund without such compulsion or protest as is ordinarily required for recovery in the courts either of common law or chancery."

I cannot perceive why any different rule should be applied to persons other than the trustee.

In Re Chambers, Calder & Co. (D. C.) 98 Fed. 865, a proceeding in ejectment to recover possession of leased premises was enjoined, although there was a strict legal right in the landlords to re-enter. Judge Brown, in the course of his opinion, said:

"The jurisdiction of this court having attached to the exclusion of jurisdiction at law, the right of the landlord can be enforced only upon equitable terms."

I think the clear effect of these decisions is that the bankruptcy court may dispose of matters which come before it, upon equitable

principles, when justice and equity require that it should do so. While many cases might arise in which it would be considered equitable to enforce, against a bankrupt's estate, a surrender of leased premises for breach of covenants, with a right of re-entry, because the landlord could not proceed to enforce his legal right in any other court, still the bankruptcy court may properly refuse such relief when it would be inequitable to grant it. To hold otherwise would be to deny the right to apply equitable principles in proceedings which are in equity.

It is a fundamental principle of equity that it will not lend its aid to the enforcement of a forfeiture where it would be equitable or harsh to do so. Pomeroy's Equity Juris. (3d Ed.) § 409; Brewster v. Lanyon Zinc Co., 140 Fed. 801, 819, 72 C. C. A. 213. In that case Mr. Justice Van Devanter (then a Circuit Judge) exhaustively examines and discusses the authorities in the federal courts and elsewhere. He states the correct rule to be:

"That in cases, otherwise properly cognizable in equity, there is no insuperable objection to the enforcement of a forfeiture when that is more consonant with the principles of right, justice, and morality than to withhold equitable relief."

The present application does not conform in any degree to this standard, but, on the other hand, the granting of the relief prayed for would be inequitable and harsh. The enforcement of the forfeiture would cast an undue hardship upon the respondent Feinstein. If there has been a breach of the covenant, it is one which in no way has injured or can injure the landlords. They are in exactly the same position as they would have been had there been no breach. The premises are occupied by a tenant who was acceptable to them, and who is carrying on a business, the nature of which they expressly consented to. No question of the financial ability of the subtenant to continue to pay the rent appears. In fact, he has offered to give satisfactory security. The title to the leasehold estate has never passed from the original lessees, and the bankruptcy proceedings are virtually at an end. The only conceivable benefit which a forfeiture would confer upon the landlords is that they might, if relieved of the present tenants, be able to lease their premises at a larger rental. But such a consideration should not commend itself to a court of equity.

I feel, therefore, that the matter is one that calls for the application of equitable principles, and a denial of the relief prayed for.

The rule to show cause will therefore be discharged, and the prayer of the petition denied, with costs to the respondent, Feinstein.