### In re PRUDENTIAL LITHOGRAPH CO., Inc.

(District Court, S. D. New York. April 17, 1920.)

**Landlord and tenant ⬥104—Nonassignable lease not terminated by bankruptcy as an assignment.**

A provision in a lease that it should not be assigned, nor the premises let or underlet, nor used for any other purpose than that specified, without written consent of lessor, *held* not to prevent passing of the lease by operation of law to the trustee in bankruptcy of lessee.

In Bankruptcy. In the matter of the Prudential Lithograph Company, Incorporated, bankrupt. On motion by receiver for order confirming sale of bankrupt's interest in lease. Granted.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Moses & Singer, of New York City, for receiver.
Frederick Seymour, of New York City, for landlord.

MAYER, District Judge. This is a motion by the receiver for an order, inter alia, confirming the sale by the receiver of the right, title, and interest in and to the lease to certain premises and directing that the trustee, when elected, execute a confirmatory transfer of the estate in bankruptcy in and to such lease. The motion is opposed by the landlord.

On March 20, 1920, this court made an order authorizing the receiver to sell the assets of the bankrupt estate, including the right, title, and interest in the lease, and on March 29, 1920, the assets, including the lease, were sold. The bid for the lease was $3,075. The receiver accepted the bid for the lease subject to the approval of the court. The successful bidder was Industrial Facilities, Incorporated. This bidder stated that, if the court so directs, it will deposit with a trust company $2,500 in liberty bonds as security under the lease.

At the time the motion was made, a trustee had not been elected, but now the receiver has been elected trustee, and, pursuant to a resolution adopted at a meeting of creditors held at the office of the referee, the trustee had elected to accept the lease of the premises in question as an asset of the estate in bankruptcy, and has offered to join in a conveyance of the right, title, and interest of the estate in bankruptcy in and to the lease.

The sole question of law involved is the construction of the clause in the lease marked Exhibit A. That clause reads as follows:

"(2) This lease shall not be assigned, nor shall the said premises, or any part thereof, be let or underlet or used or permitted to be used for any purpose other than above mentioned, without the written consent of the said party of the first part indorsed thereon, to each and every assignment or underletting, or use or permission to use for any other purpose."

On the argument it was pointed out by the court that the motion might be premature, because a trustee had not as yet been selected, and the court, therefore, did not desire any technical question to be outstanding. Counsel for the landlord, however, did not urge any objection on this ground, being desirous that the question should be speedily decided, as May 1st would soon be at hand. Meanwhile the selection of the trustee removes any question in this regard. In Gazlay v. Williams, 210 U. S. 41, 28 Sup. Ct. 687, 52 L. Ed. 950, the clause was:

"Provided, however, that if said lessee shall assign this lease or underlet said premises or any part thereof, or if said lessee's interest therein shall be sold under execution or other legal process, without the written consent of said lessors, their heirs or assigns, is first had, or if said lessee or assigns shall fail to keep any of the other covenants of this lease by said lessee to be kept, it shall be lawful for said lessors, their heirs or assigns, into said premises to re-enter and the same to have again, repossess and enjoy as in their first and former estate, and thereupon this lease and everything therein contained on the said lessors' behalf to be done and performed, shall cease, determine, and be utterly void."

The court held that the passage of the lease from the bankrupt to the trustee was by operation of law, and not by the act of the bank-

rupt, nor by sale, and that the sale by the trustee of the bankrupt's interest was not forbidden, nor was it a breach of a covenant for reentry in case of assignment by the lessee or sale of his interest under legal process where there was no covenant against transfer by operation of law. See, also, In re Gutman (D. C.) 197 Fed. 472; In re Larkey (D. C.) 214 Fed. 867.

The case at bar clearly comes within the principle of Gazlay v. Williams, supra, unless the court can find that the language used in the lease Exhibit A is different in substance and in intent from that used in the lease considered in Gazlay v. Williams, supra. The distinction which counsel for the landlord seeks to make is that the words "this lease shall not be assigned" mean that the lease shall not be assigned for any reason whatever, including an assignment by operation of law. It seems to me that no such distinction exists. In the lease in the case at bar, it is plain, from this clause and other clauses of the lease, that the intent was that the lease should not be assigned by the tenant. If it had been intended to safeguard against assignment by operation of law, it would have been easy for the parties so to agree and stipulate in simple language. I am satisfied, therefore, that the clause here under discussion in the lease Exhibit A falls exactly within the principle of the Gazlay Case, supra.

Objection is made that the premises may be used by the purchaser of the lease for some purpose other than transacting the business of lithographing and druggists' supplies; reference being had in that regard to the provisions of the lease of January 20, 1920. This is a question which does not now arise, and will only arise in the event that the new tenant will use the premises for some other purpose.

As the confirmation of the sale is subject to the order of the court, and, as the purchaser has offered to deposit security, I think it but fair that the security offered to the landlord should be deposited, if the landlord so desires.

The motion is therefore granted as herein indicated.