## In re EHRHARDT.

District Court, W. D. Pennsylvania. March 29, 1927.

No. 11750.

1. **Contracts** ⬤⟹318—**Equity** ⬤⟹24—**Forfeitures are not favored by the law, and particularly in equity.**

Forfeitures are not favored by the law, particularly when sought to be enforced in court of equity.

2. **Landlord and tenant** ⬤⟹107—**Failure of trustee in bankruptcy to pay taxes due on leasehold property, of which he was unaware, held not ground for forfeiture of lease.**

Failure of trustee in bankruptcy to pay small amount of taxes due on leasehold property, of which he was unaware, and which he offered to refund after payment of lessor, *held* not ground for forfeiture of lease.

3. **Landlord and tenant** ⬤⟹101½—**Passing of leasehold estate through bankruptcy proceedings and sale by trustee held not "alienation," within forfeiture clause of lease.**

Proceedings in bankruptcy against lessee, by which the leasehold estate passed to his trustee and was sold by him for benefit of creditors, *held* not an "alienation" of the property, within a forfeiture clause of the lease.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Alien—Alienate—Alienation.]

In Bankruptcy. In the matter of J. H. Ehrhardt, bankrupt. On review of order of referee. Affirmed.

McIlvain, Murphy & Mohn, of Pittsburgh, Pa., for trustee.

Albert L. Thomas and Fred C. Kiebort, both of Meadville, Pa., for respondent.

THOMSON, District Judge. This case comes before us to review the order of the referee approving a sale made by the trustee of a leasehold interest for the payment of bankrupt's debts. The facts, which are not in controversy, have been fully stated by the referee in his opinion, and need not be repeated here. It would be hard to imagine a case where the court would be more unwilling to hold that a forfeiture had resulted than the case before us. While the grant to the bankrupt was in the form of a lease, the term was so exceptionally long, 964 years, as to be practically equivalent to the grant of a fee; not only so, but the rent for the full term was paid by the lessee in advance.

[1] Forfeitures, so far from being favorites of the law, are often odious, particularly when it is sought to enforce the forfeiture in a court of equity. In the case before us, we would not sustain the claim of forfeiture unless forced to do so by the mandate of the contract made between the parties. A very fair, and even conservative, statement of the law of forfeiture is found in Thompson v. Christie, 138 Pa. 249, 20 A. 934, 11 L. R. A. 236. In that case Mr. Justice Williams, speaking for the Supreme Court, said:

"The rule undoubtedly is that the right to declare a forfeiture must be distinctly reserved, that the proof of the happening of the event on which the right is to be exercised must be clear, that the party entitled to do so must exercise his right promptly, and that the right of enforcing the forfeiture must not be unconscionable."

[2] The claim of forfeiture based upon the nonpayment of a small amount of taxes is, under the circumstances of the case, scarcely worthy of consideration. The trustee was entitled to the opportunity of paying these taxes, and would have done so, had he known any taxes were in arrear; when the lessors paid the taxes, the trustee sent a check for the same to the lessee, which was refused and returned.

[3] Nor do I think that the bankrupt proceedings amounted to an involuntary alienation of the property, within the meaning of that term in the lease; the property passed from the bankrupt to the trustee by mere operation of law. Such passage for the purpose of paying bankrupt's debts constituted neither a voluntary or involuntary alienation of the property, nor does a sale by the trustee for the payment of the bankrupt's debts constitute an involuntary alienation.

I think the case of Gazlay et al. v. Williams, in the Circuit Court of Appeals for the Sixth Circuit, reported in 147 F. 678, 14 L. R. A. (N. S.) 1199, is in point. In that case a leasehold estate passed from the bankrupt to the trustee; there was a provision in the lease that if the rent, or any part of it, remained unpaid for a designated time after becoming due without further demand therefor, or if the lessee assigned the lease or underlet the premises, "or if said lessee's interest therein shall be sold under execution or other legal process without the written consent of said lessors, their heirs or assigns," the lessor would be authorized to enter the premises and repossess himself of the same. It was claimed that because of these provisions the sale by the trustee operated as a forfeiture, and thereupon the lessor would be entitled to re-enter and repossess himself of the premises.

The Circuit Court of Appeals, in an opinion by Judge Cochran, after laying down the rule that covenants against assignment are not favorably regarded by the courts and are liberally construed in favor of the lessee, says:

"It is not necessary to consider the condition in question further than it relates to the assignment of the leasehold estate. It prohibits both voluntary and involuntary assignments. In so far as it prohibits voluntary assignments, the language is, 'If said lessee shall assign this lease,' and in so far as it prohibits involuntary assignments the language is, 'or if said lessee's interest therein shall be sold under execution or other legal process.'"

"It is certain that passage of the leasehold estate from the bankrupt, Brown, to the appellee [trustee], as of the date of adjudication, was not a breach of either * * * condition. It was a passage by operation of law and not by the act of the bankrupt; and the passage was not through the medium of a sale. * * * This * * * being true—i. e., that the passage of the leasehold estate from the bankrupt to appellee [trustee] was not prohibited by the condition—it would seem that a sale by the appellee [trustee] for the benefit of creditors is not prohibited thereby. * * * And a consideration of the language of the condition shows that a sale by

appellee [trustee] of the leasehold estate is not within its terms. It is not within the voluntary branch thereof, because, if it may be said to be a voluntary assignment, it is not an assignment by 'said lessee.' It is not within the involuntary branch thereof, for though it may be said to be an involuntary assignment and, possibly also (though hardly so) a sale under legal process, it is not a sale of 'said lessee's interest.' It is a sale of the appellee's [trustee's] interest held by it for the benefit of creditors and which passed to it, notwithstanding the condition, by virtue of the bankruptcy proceeding."

From the judgment of the Circuit Court of Appeals an appeal was taken to the Supreme Court, reported in 210 U. S. 41, 28 S. Ct. 687, 52 L. Ed. 950. Among other things, the Supreme Court said:

"The passage of the lessee's estate from Brown, the bankrupt, to Williams, the trustee, as of the date of the adjudication, was by operation of law, and not by the act of the bankrupt, nor was it by sale. The condition imposed forfeiture if the lessee assigned the lease or the lessee's interest should be sold under execution or other legal process without lessor's written consent. A sale by the trustee for the benefit of Brown's creditors was not forbidden by the condition and would not be in breach thereof. It would not be a voluntary assignment by the lessee, nor a sale of the lessee's interest, but of the trustee's interest, held under the bankruptcy proceedings, for the benefit of creditors. * * *

"In respect of the lessors, Brown may be treated, then, as if he were the original lessee; and the sale by his assignee in bankruptcy, under order of the bankruptcy court, was not a breach of the condition in question. The language of Bayley, J., in Doe ex dem. Goodbehere v. Bevan, 3 Maule & S. 353, cited by the Court of Appeals, is applicable. * * * * "

Even if such transfer from the bankrupt to the trustee and the sale of the property by the latter could be held to be an involuntary alienation, and therefore a ground for forfeiture, the lessors did not exercise such right of forfeiture as is clearly shown by the learned referee in his report. Only one of the lessors made such an attempt, and even he had waived his right of forfeiture by his offer to buy the property almost a year after the institution of bankruptcy proceedings, thus fully recognizing the existence of the lease. On no ground, either legal or equitable, can the alleged forfeiture rest.

The order and opinion of the learned referee are therefore affirmed.