## JANDREW v. BOUCHE.[*]

### In re BAUM & RUBIN.

Circuit Court of Appeals, Fifth Circuit.
November 27, 1928.

No. 5400.

Robert Allen Ritchie and Lewis M. Dabney, Jr., both of Dallas, Tex. (Dabney, Goggans & Ritchie, of Dallas, Tex., on the brief), for appellant.

Albert Sidney Johnson and Eugene P. Locke, both of Dallas, Tex. (Locke, Locke, Stroud & Randolph, of Dallas, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. By an agreement dated March 9, 1926, appellee leased certain premises in the city of Dallas, known as 1306 Main street, to David Baum and Nathan Rubin, composing the firm of Baum & Rubin, for a term beginning January 1, 1928,

[*]Rehearing denied January 12, 1929.

and continuing until December 31, 1929, at a monthly rental of $450. The lease contained a stipulation against its assignment without the consent of the lessor, except in certain contingencies not material to this case, and contained the following clauses: ·

"That in case of default in the performance of any of the obligations upon the part of the lessees expressed or implied in this lease, the lessor may enforce the performance thereof in any mode or modes provided by law, and may declare the lease forfeited at her discretion, and her agent or attorney shall have the right, without further notice, or demand, to re-enter and remove all persons therefrom without being deemed guilty of any manner of trespass and without prejudice to any remedies of arrears of rent or breach of covenant, or her agent or attorney may resume possession of the premises and relet the same for the remainder of the term at the best rent they may obtain, for account of the lessees, who shall make good any deficiency; and the lessor shall have a lien as security for the rent aforesaid during the entire term of this lease, upon all the goods, wares, chattels, implements, fixtures, furniture, tools and other personal property which are or may be put on the leased premises.

"That the lessees shall actively operate their said business in said storeroom during the period of this lease, and shall not permit or suffer any of the goods, wares, chattels, implements, fixtures, furniture, tools, or other personal property which may be on the said premises at any time during the period of said lease to be seized under any legal process or to pass into the hands of any receiver or trustee in bankruptcy or other officer, and that this lease shall be personal to the lessees and shall not inure to the benefit of any receiver or trustee in bankruptcy as an asset of the said lessees."

Baum & Rubin were adjudicated bankrupts on January 16, 1928. Appellant was appointed receiver on that day, and on January 27th became trustee. On January 30, 1928, he sold the entire assets of the bankrupts on the leased premises and turned same over to the purchaser, together with the keys of the store, telling him that he had no interest in the lease, and that the purchaser would have to make arrangements with the landlord if he desired to continue to occupy the premises.

Appellee declined to deal with the occupants of the building, and thereafter filed her proof of debt, claiming one year's rent and a lien under a clause of the lease and also under article 5238, R. S. Texas of 1925, which

gives a lien for future rent on the property in the leased premises for a period not exceeding 12 months. The trustee then moved to expunge the claim, except as to the amount of $450 for the month of January. The referee found in favor of the trustee, but on appeal to the District Court this was reversed—that court reaching the conclusion that the clauses of the lease above quoted set up a condition subsequent, and therefore it was optional with the landlord to forfeit the lease or continue to hold the tenant under it; that the lease passed to the trustee notwithstanding, and therefore the landlord had a valid lien on the goods in the leased premises for the statutory period of one year. The lien was allowed to the extent of the proceeds of the assets, approximately $5,000, which will absorb the entire estate.

We have heretofore held that under the law of Texas the landlord has a lien for future rent enforceable in bankruptcy in which event the lease passes to the trustee and he may sell it, together with the right of occupancy. Lontos v. Coppard (C. C. A.) 246 F. 803. It has also been authoritatively held that a clause in the lease permitting the landlord to cancel it in the event of an assignment or a subletting of the premises, or the sale of the lessee's interest under execution or other legal process, without the written consent of the lessor, does not prevent the lease passing to a trustee in bankruptcy by operation of the law. However, the decision in that case recognizes that the covenant may be so drawn as to expressly prohibit such a transfer. Gazlay v. Williams, 210 U. S. 41, 28 S. Ct. 687, 52 L. Ed. 950, 14 L. R. A. (N. S.) 1199.

The question presented is solely as to the construction of the lease. It is not free from doubt, and we are not advised of any controlling decision in point. If it were not for the concluding stipulation of clause 11 of the lease, "this lease shall be personal to the lessees and shall not inure to the benefit of any receiver or trustee in bankruptcy as an asset of the said lessees," we might be inclined to agree with the holding of the District Court; but we have reached the conclusion that the just-quoted clause is one of conditional limitation, ipso facto terminating the lease without action by either party. See Tiffany, Landlord and Tenant, par. 194 C, p. 1368.

Under the above construction the lease terminated with the adjudication in bankruptcy and the appointment of the trustee. Consequently there was no rent to accrue in the future, and no lien under either the lease or the statute. Of course, appellee was entitled to a lien for the rent earned, and to be paid by preference at the same rate for the time the premises were occupied by the trustee, as an expense of administration. This was admitted by the trustee, and was awarded to her by the referee.

Reversed and remanded for further proceedings, not inconsistent with this opinion.