In re HOBOKEN MFRS.' R. CO.

No. 4873a.

United States District Court
D. New Jersey.

Aug. 4, 1944.

Carpenter, Gilmour & Dwyer, by James D. Carpenter, Jr., and Charles B. Collins, all of Jersey City, N. J., for trustee.

Collins & Corbin, by Edward A. Markley, Jersey City, N. J., for Hoboken Mfrs.' R. Co. and Seatrain Lines, Inc.

Wall, Haight, Carey & Hartpence, by Edward J. O'Mara, Jersey City, N. J., for Hoboken R. R. Warehouse & S. S. Connecting Co., and Hoboken Land & Imp. Co.

FAKE, District Judge.

This is a Railroad Reorganization Proceeding under Title 11 U.S.C.A. § 205.

The present issues arise on a motion to permit the lessor to terminate a ninety-nine year railroad lease executed June 19, 1906, on the ground of a breach of the terms of the lease. The clause relied upon by the lessor, insofar as pertinent, reads as follows: "The Lessee shall not and will not sell, assign or transfer this lease or underlet the demised premises, or any part thereof, or the rights and privileges, or any of them, hereby granted, without the previous consent of the Lessor * * *. This covenant shall also apply to any unauthorized sale or transfer thereof or underletting of the demised premises, or any part thereof, or of the said rights and privileges, or any of them, whether made by the Lessee or in any proceeding, whether at law or in equity or otherwise, to which the Lessee may be a party, whereby any of the rights, duties and obligations of the Lessee shall or may be transferred, encumbered, abrogated or in any manner altered, without the consent of the Lessor first had and obtained in the manner hereinbefore provided."

It is urged that upon the qualification of the trustee herein he acquired such an interest in the lease as to constitute a breach or violation of the conditions above quoted.

It will be noted that this clause is not worded in the exact language found in the usual bankruptcy forfeiture clauses nor is it worded as are the general run of the forfeiture clauses directed against assignment without the consent of the lessor. Here a default is contemplated not only if any sale or transfer of the demised premises is made by the lessee without the authorization of the lessor, but also if a transfer is brought about by any proceeding at law or in equity wherein the lessee is a party, whereby any of the duties of the lessee may be "encumbered, abrogated or in any manner altered."

Jones on Landlord and Tenant, Section 466, is cited with apparent approval in Gazlay v. Williams, 210 U.S. 41, 28 S.Ct. 687, 52 L.Ed. 950. That section reads as follows: "an ordinary covenant against subletting and assignment is not broken by a transfer of the leased premises by operation of law, *but the covenant may be so drawn as to expressly prohibit such a transfer, and in that case the lease would be forfeited by an assignment by operation of law.*" And that text so approved is now given the strength of statutory sanction by Title 11 U.S.C.A. § 110, sub. b, wherein it is enacted that *"an express covenant that an assignment by operation of law* or the bankruptcy of a specified party thereto or of either party *shall terminate the lease or give the other party an election to terminate the same shall be enforceable."*

Title 11 U.S.C.A. § 205, sub. c (2) provides that "The Trustee * * * shall have all the title and shall exercise, subject to the control of the judge and consistently with the provisions of this section, all of the powers of a trustee appointed pursuant to section 72 or any other section of this title, and, to the extent not inconsistent with this section, * * *". This means that title vests in the trustee in a railroad reorganization proceeding to the same extent that it vests in a trustee in a general bankruptcy proceeding. As to the latter the United States Supreme Court held in Isaacs, Trustee v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 271, 75 L.Ed. 645, that "all property owned and possessed by the bankrupt vests in the trustee". These last quoted words are so clear as to require no further attempts at elucidation. The lauguage "all property owned and possessed by the bankrupt" does not except leases

because they may happen to carry a burden with them. They may be abandoned. They do vest however in the trustee.

■ Turning now to Section 110, sub. b of Title 11, it is found, with relation to unexpired leases of real property, that the trustee is allowed 60 days, (or an extended period) after adjudication to assume or reject such leases. This is to say, in the instant case, the title of the debtor-lessee became vested in the trustee subject to being divested by a rejection. This should be read in connection with Title 11 U.S.C.A. § 110, sub. a which enacts that the trustee is "vested by operation of law with the title of the bankrupt as of the date of the filing of the petition".

■ The case of Palmer v. Palmer, 2 Cir., 104 F.2d 161, 163, is relied on by the debtor-lessee for the proposition that, "A lease, being property cum onere, does not pass to a trustee in bankruptcy, unless he adopts it. * * *" "Yet" (says Judge Learned Hand in the opinion) "if the question were to arise for the first time, it would be a little hard to see by what power the court could keep a trustee in possession while he was determining his course, without compelling him meanwhile to fulfill the conditions imposed upon the term; * * * insolvency ought not to give the lessee's creditors greater rights to possession than the lessee himself enjoyed; * * *. This necessity should be in no sense affected by the fact that the property may be a railroad, * * *. The question does not concern the public, but is a dispute between two groups having interests in the property * * *". The Judge then says: "Nevertheless, the contrary has been generally held; * * *". The foregoing quotations are extracted from the opinion in the Palmer case, because they disclose the individual views of one whose opinions are held in the highest esteem and they seem to indicate a reluctance on his part to follows the law as he found it. This reluctance however was dissipated in the rule of stare decisis as he found it in his circuit based upon In re Frazin, 2 Cir., 1910, 183 F. 28. No case of like tenor has been found in this circuit or in the case law of New Jersey. This court therefore is free to approach the problem raised as one of first instance.

The lease contains a further clause providing that in the event of a breach of covenant and the lapse of thirty days after notice of termination given by the lessor, the lessor may enter. The notice so provided has been served and thirty days have elapsed.

■ The first question to be disposed of here is: Did the debtor-lessee have any property in the lease at the time it filed its petition herein? The answer is, Yes. It had a leasehold subject to forfeiture on notice in the event of a transfer of the leasehold by operation of law in any proceeding wherein the lessee might be a party. Nothing else appearing, that estate is the specific estate which the trustee herein took upon his qualification.

■ The second and final question is: Did the passing of such title to the trustee constitute a breach of the terms of the lease entitling the lessor to re-enter pursuant to notice as in the lease provided? Here again the answer is, Yes.

A reading of the clause under consideration discloses that the character or quality of that which is contemplated as passing by operation of law must be such as would transfer, encumber, abrogate or alter any of the rights, duties or obligations of the lessee.

The transfer, here by operation of law, has placed the trustee in possession and he is quite a different occupant than the lessee named in the lease. Moreover when the trustee took, the result of his taking was to abrogate and alter the terms of the lease by reason of Section 110, sub. b of Title 11 of the Act, which in effect reads a sixty-day period into the lease without the lessor's consent, within which time an adoption or rejection may take place. Surely this would force a different contract on the parties than that into which they each entered with their eyes open. Such a result cannot be justified either by the statutory law, the case law in this circuit, or on the basis of sound reason.

It appears that the trustee herein petitioned the court for leave to adopt the lease

while the instant motion was pending and the prayer of the petition was granted. It is argued from this that such adoption resulted in the transfer of the title of the lease in breach of the terms of the lease. By reason of the conclusions above arrived at, I deem it not necessary to pass upon the issue thus raised other than to say: that since the debtor-lessee's title passed to the trustee prior to the adoption, nothing was gained or lost by the adoption insofar as present issues are involved.

The motion to terminate the lease is granted to take effect upon production to the court of conclusive evidence that the requirements of the laws relating to the continuous operation of the railroad have been complied with.