*In re* HOBOKEN MANUFACTURERS R. CO.

SMITH et al. v. HOBOKEN R. R. WARE-HOUSE & STEAMSHIP CONNECTING CO. et al.

No. 8812.

Circuit Court of Appeals, Third Circuit.

Argued March 6, 1945.

Decided July 17, 1945.

Writ of Certiorari Granted Oct. 22, 1945.

See 66 S.Ct. 99.

Charles B. Collins, of Jersey City, N. J. (James D. Carpenter, Jr., Collins & Corbin, and Charles W. Broadhurst, all of Jersey City, N. J., on the brief), for appellants.

Edward J. O'Mara, of Jersey City, N. J. (Wall, Haight, Carey & Hartpence, of Jersey City, N. J., and John J. Hickey, of Washington, D. C., on the brief), for appellees.

Before BIGGS, MARIS and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

█ The substantial question presented by the appeal at bar is a narrow one: Is the landlord-lessor, one of the appellees herein, entitled to terminate a ninety-nine year lease made in 1906 to the debtor-lessee of a railroad right-of-way and its subservient properties and resume occupancy, because of a breach of terms of the lease? Two "tie-in" leases by their terms must stand or fall with the principal lease just referred to and need not be discussed in this opinion.

The pertinent language of the indenture executed on June 19, 1906 is as follows: "The Lessee shall not and will not sell, assign or transfer this lease or underlet the demised premises, * * * without the previous consent of the Lessor. * * * This covenant shall also apply to any unauthorized sale or transfer thereof or underletting of the demised premises, * * * whether made by the Lessee or in any proceeding whether at law or in equity or otherwise, to which the Lessee may be a party, whereby any of the rights, duties and obligations of the Lessee shall or may be transferred, encumbered, abrogated or in any manner altered, without the consent of the Lessor first had and obtained. * * *" The debtor is in reorganization proceedings instituted pursuant to Section 205 of Title 11 of the United States Code, Annotated, Section 77 of the Bankruptcy Act. A trustee was appointed for the debtor. He adopted the lease pursuant to the direction of the court below. It should be pointed out that Section 110, sub. b of Title 11 provides that "an express covenant that an assignment by operation of law or the bankruptcy of a specified party [to a lease] * * * shall terminate the lease * * * shall be enforceable." Subparagraph l of Section 205 provides: "In proceedings under this section and consistent with the provisions thereof, the jurisdiction and powers of the court, the duties of the debtor and the rights and liabilities of creditors, and of all persons with respect to the debtor and its property, shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition was filed."

The appellant trustee, makes three contentions. He contends first that only if a lease expressly provides that it shall terminate on bankruptcy can an adjudication in bankruptcy effect a termination, citing such authorities as Gazlay v. Williams, 210 U.S. 41, 28 S.Ct. 687, 52 L.Ed. 950, and In Re Prudential Lithograph Co., D.C., 265 F. 869, affirmed, 2 Cir., 270 F. 469, certiorari denied 256 U.S. 692, 41 S.Ct. 534, 65 L.Ed. 1174. He concedes that an express provision in a lease giving the lessor the right to terminate the lease on the bankruptcy of the lessee is enforceable. See In re Wil-low Cafeterias, 2 Cir., 95 F.2d 306, 115 A.L.R. 1184. It is clear that in the case at bar there was a breach of the lease for the rights, duties and obligations of the lessee were transferred, abrogated and altered by the assumption by the trustee of the rights of the debtor in the property. Though the lease does not refer to bankruptcy it does provide expressly for forfeiture if a transfer of the lease or an underletting of the premises is effected, unauthorized by the lessor, in any proceeding to which the lessee is a party "whether at law or in equity or otherwise".

This language of the lease falls within the purview of Section 110, sub. b of Title 11 of the United States Code Annotated. The parties to the lease obviously had in mind an equity receivership or an ordinary proceeding in bankruptcy as such proceedings existed in 1906 and which might have brought about a transfer or an "underletting" of the premises by operation of law and contrary to the wishes of the landlord-lessor. The provisions of subparagraph l of Section 205 categorize the proceeding at bar and the rights of persons in connection with property of the debtor as if the proceeding were one in which a voluntary petition in bankruptcy had been filed and an adjudication had been made thereon. The decision of the Supreme Court in Finn v. Meighan, 65 S.Ct. 1147, 1148, is helpful, though in that case the pertinent provision of the lease specified the filing of a "petition in bankruptcy." Since the phrase "whether at law or in equity or otherwise", employed to denominate the proceedings which may terminate the lease by breach of its provisions must be deemed to include ordinary bankruptcy proceedings, we have no difficulty in concluding, as did the court

below,[1] that the lease was breached when it was adopted by the trustee and the landlord-lessor is entitled to re-enter the premises.

 The appellant's second contention is that the termination of the lease and the order allowing re-entry by the lessor were premature because they preceded consideration of a plan of reorganization. This position seems also to be without merit. The appellant relies on the principle enunciated in Continental Illinois Nat. Bank v. Rock Island Ry., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110, but we think that decision is inapplicable. The Rock Island system consisted of over 8,000 miles of right-of-way running through many States. The railroad had a complicated financial structure and it would have been impossible to prepare a plan of reorganization if there had been recurring sales of its securities. Consequently the court enjoined such sales pending the submission of a plan of reorganization. The debtor in the case at bar is a short switching railroad having nine miles of main stem track. It has no outstanding bonds or other evidences of indebtedness. No securities are involved. All of the debtor's stock is owned by Seatrain Lines, Inc. It appears that the Section 77 petition was filed by the debtor because it desired to procure a lease of the railroad on more favorable terms. Under the circumstances it can scarcely be held that the court below has abused its discretion in permitting a re-entry by the landlord.

 The final point raised by the trustee is that the order complained of is improvident because it requires that all of the property of the debtor in the possession or control of the trustee and used for railroad purposes, be delivered to the landlord. The trustee points out that there are undetermined claims in respect to some of this property. But the property subject to dispute is inconsequential, consisting only of two lengths of track 265 feet in length, leading to a dead-end siding, and another 20 foot length of track, leading to a float-bridge. But the order complained of is a wise one for it permits the operation of this small trackage as a part of the main stem of the railroad and in addition provides means whereby the contested claims may be disposed of promptly.

The order appealed from is affirmed.