FRANK O. SQUIRE & others, executors, *vs.* FRÁNCIS M. LEARNED, executor.

Suffolk.   March 13, 14, 1907. — June 20, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Landlord and Tenant,* Covenant not to assign, Agreement to extend term. *Equity Jurisdiction,* To enforce specific performance.

In the absence of specific provisions showing an intention to the contrary, a general covenant by the lessee in a lease of land not to assign his interest should not be construed to prevent the transmission of the leasehold interest, in case of the lessee's death, either to the administrator of his estate or to the executor of or to a legatee under his will.

A lease of land to the lessee " and his representatives . . . during the full term of twenty-five years . . . with privilege to the lessee of renewing for five or ten years" contained covenants regarding rent during the term " and for such further time as the lessee or any person . . . claiming under him shall hold the premises," and a covenant on the part of the lessee, "for himself and his representatives," not to assign the lease.   The lessee died leaving a will in accordance with the terms of which the executor, after holding the lease for a time, transferred it to himself as trustee.   The lessor refused to grant a request of the executor for an extension of the term of the lease, and the executor brought a bill in equity for specific performance of the agreement to extend the term.   *Held,* that a proper construction of the whole lease did not show an intention to prevent, by the general covenant not to assign, the transmission of the leasehold interest either to the executor or to the trustee under the will of the lessee, that therefore there had been no breach of the covenants of the lease by the lessee or his successors, and that the plaintiff was entitled to specific performance of the agreement to extend the term of the lease.

BILL IN EQUITY for specific performance of an agreement to renew a lease, filed in the Supreme Judicial Court for the county of Suffolk September 13, 1901.

A demurrer to the bill was overruled by *Barker,* J., and the defendant appealed.   There was a hearing before *Rugg,* J., who

reserved the case for determination by the full court upon the bill, answer and an agreed statement of facts.

The facts material to the decision are as follows: One Collamore, trustee, the defendant's predecessor in title, by an instrument in writing and under seal, leased certain premises to one Squire, " to have and to hold . . . unto . . . [Squire] . . . and his representatives . . . during the full term of twenty-five years . . . with privilege to the lessee of renewing for five or ten years longer giving six months written notice." Rent was to be paid monthly during the term and " at that rate for such further time as the said lessee, or any other person or persons claiming under him shall hold the said premises," and the lessee for himself and his representatives covenanted that he would pay the rent " during the said term and for such further time as he or any other person or persons claiming under him shall hold the said premises," and " covenants and agrees with and to the said lessor his successors, heirs and assigns, that he or others having his estate in the premises, will not assign this lease and that no alterations or additions shall be made during the term aforesaid in or to the same, without the consent of the said lessor or those having his estate in the premises being first obtained in writing, allowing thereof."

Before the termination of the lease, Squire died leaving a will by the terms of which the lease was bequeathed to the executors of the will and would remain in their possession for five years and then be transferred to themselves as trustees under the will for certain purposes.

The plaintiffs brought this bill as executors. They also had been duly appointed and had qualified as trustees under the will. There were facts agreed upon from which this court might infer that, before the filing of the bill, the lease had been transferred from the executors to themselves as trustees and the trustees had taken over the management of the leased premises.

*R. M. Morse,* (*W. P. Everts* with him,) for the defendant.

*G. L. Mayberry,* (*J. M. Gibbs, Jr.,* with him,) for the plaintiffs.

LORING, J. The sole defence set up in this suit is that the bequest by the lessee of his leasehold estate here in question to his executors, or at any rate the transfer of it by the executors to themselves as trustees (which the defendant insists

has taken place) is a breach of the covenant not to assign the lease.

If a breach of this covenant of the lease is made out in either of these two ways, a defence is made out to this bill for specific performance of the lessor's covenant to renew. *Gannett* v. *Albree*, 103 Mass. 372.

Authority may be found in two early decisions and a few early dicta for the position that the bequest by a lessee of his leasehold interest to some one other than his executor is a breach of a covenant or condition not to assign the term. *Parry* v. *Harbert*, Dyer, 45 b. *Berry* v. *Taunton*, Cro. Eliz. 331 ; *S. C.* sub nom. *Taunton* v. *Barrey*, Poph. 106. And see dicta to that effect in *Knight* v. *Mory*, Cro. Eliz. 60 ; *Dumper* v. *Syms*, Cro. Eliz. 815, 816. See also Shep. Touch. 144. But the authorities on this point are not all one way. *Fox* v. *Swan*, Styles, 482, is a decision to the contrary. And in *Crusoe* v. *Bugby*, 3 Wils. 234, 237, it was said that " the courts at Westminster have always looked nearly into these conditions, covenants or provisos ; that the devising a term was a doing or putting it away, that the lessee becoming a bankrupt was a putting or doing it away, that a dying intestate was a putting it away ; so, being in debt by confessing a judgment and having the term taken in execution was the like ; but none of these amounted to an assignment, or to be a breach of the covenant or condition." Again in *Doe* v. *Bevan*, 3 M. & S. 353, 361, Bayley, J. said that " in *Crusoe* v. *Bugby* . . . it was said and admitted that a devise of the term by the lessee is not a breach of the covenant not to assign. Such also has been the general impression in the minds of the profession for a long series of years."

It is admitted in all the cases that the transmission of the lessee's interest to the administrator of his estate is not a breach of the covenant not to assign. The fact that where the lessee dies intestate there is no voluntary act on his part would be decisive of that if there were no other reason. In such a case the transfer is by operation of law alone. See in this connection Field, J., in *Weil* v. *Raymond*, 142 Mass. 206 ; *Smith* v. *Putnam*, 3 Pick. 220 ; *Bemis* v. *Wilder*, 100 Mass. 446.

That however is not true in case of a bequest by will. In case of the transmission of a leasehold interest by will there is

an act on the part of the lessee. It is conceded however by all, and expressly stated in *Parry* v. *Harbert*, Dyer, 45 b, and in *Taunton* v. *Barrey*, Poph. 106, that a bequest by the lessee to his executor is not a breach of the covenant not to assign.

In the case at bar the bequest of the leasehold interest is a bequest to the executors upon certain trusts in the will by which the leasehold interest was bequeathed. That fact would not in our opinion take the case out of the doctrine laid down in *Parry* v. *Harbert* and *Taunton* v. *Barrey*, that a bequest by a lessee to his executor is not a breach of the covenant not to assign, even if the conclusion reached in those cases is to be supported. A bequest to executors is always a bequest to them for others and not for themselves. We are of opinion that the imposition of particular trusts on the executors which under our probate practice makes it proper, if not necessary, to transfer the estate from themselves as executors to themselves as trustees, is in this connection of no consequence.

But in our opinion the cases of *Parry* v. *Harbert* and *Taunton* v. *Barrey* ought not to be followed. On the contrary we are of opinion that the decision in *Fox* v. *Swan* and the doctrine laid down in *Crusoe* v. *Bugby* and *Doe* v. *Bevan* is the correct one.

The question in all these cases is one of construction. The reason why the bequest to an executor is not a breach of the lessee's covenant not to assign is that from the insertion of that covenant (a general covenant not to assign) in a lease for a specified term of years the court cannot impute to the parties to the demise an intention to permit the leasehold interest to go to the administrator and to prevent the lessee from making a will and disposing of his property, including the leasehold interest in question. If it had been the intention of the parties to bring the leasehold interest to an end on the lessee's death, a provision to that effect could have been inserted. So if it had been their intention to provide that the leasehold interest should not pass by will although it could vest in an administrator, a clause to that effect could have been adopted. See, for example, *Anonymous*, 3 Leon. 67, *S. C. sub nom. Parry* v. *Herberts*, 4 Leon. 5. In the absence of such or similar specific provisions, the insertion of a general covenant not to assign ought not in our opinion to

be construed to prevent the transmission of the leasehold interest either to an administrator or to an executor or legatee.

This conclusion is enforced in the case at bar by the fact that the lease in terms provides that the leasehold shall go to the lessee's "personal representatives," and by the further fact that the covenant not to assign is in terms binding on the lessee " or others having his estate in the premises."

The defendant has insisted that the statement of Morton, J., in the case of *Martin* v. *Tobin*, 123 Mass. 85, 86, that the bequest of a leasehold interest there in question " operated as an assignment of the lease to the plaintiff " is decisive of the question before us.   What that means is that the leasehold interest passed to the legatee.   Whether the bequest was or was not a breach of a covenant not to assign is another question.   The defendant has also relied on *Lee* v. *Lorsch*, 37 U. C. Q. B. 262, where the cases are collected on the question of there being or not being a breach of the covenant not to assign in case of an assignment by the administrator of the lessee where the covenant did not in terms mention administrators.   So far as those cases go they are significant because they necessarily assume that the devolution of the leasehold estate upon the administrator was not a breach of the covenant in question, and so make for the plaintiffs.

*Decree for the plaintiffs.*