DANIEL T. FRANCIS et al., Individually and as Executors and Trustees under the Will of WILLIAM BURROWS, Deceased, Appellants, *v.* JOANNA FERGUSON, Individually and as Executrix of EDMOND J. CURRY, Deceased, Respondent, Impleaded with Another.

Lease — covenants — assignment — decedent's estate — executors and administrators — ordinary covenant against assignment not binding on executors of tenant — general provision that covenants are binding on legal representatives of parties not sufficient to prevent assignment.

A clause at the end of a lease, " that the covenants and agreements herein contained are binding on the parties hereto and their legal representatives," expresses merely what the law presumes in the absence of such a clause and does not make binding on the executors of the tenant an ordinary covenant against assignment. If it had been the intention of the parties that the personal representatives of the tenant, in the event of his death, should not dispose of the lease as assets of his estate, the provision against assignment should have been directed to the particular fact. The covenant, therefore, does not prevent the assignment of the lease by executors of the tenant.

*Francis* v. *Ferguson*, 218 App. Div. 840, reversed.

(Argued November 28, 1927; decided December 13, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 5, 1926, unanimously

affirming a judgment in favor of defendants entered upon an order of Special Term granting a motion for judgment on the pleadings dismissing the complaint on the merits.

*Bern Budd* and *Edwin K. Bertine* for appellants. A covenant against assignment in a lease is construed with the utmost strictness against the lessor. (*Riggs* v. *Pursell*, 66 N. Y. 193.) A covenant against assignment does not bind a tenant's executor. (*Gazlay* v. *Williams*, 210 U. S. 41; *Doe* v. *Devan*, 3 M. & S. 353; *Weatherall* v. *Geering*, 12 Ves. 504; *Doe* v. *Smith*, 5 Taunt. 795; *Seers* v. *Hind*, 1 Ves. Jr. 295.)

*Alexander Miller, Maxwell E. Topin* and *Charles V. Scanlon* for respondent. The appellants are bound by the restriction. (*Roe* v. *Harrison*, 2 T. R. 425; *Jackson* v. *Silvernail*, 15 Johns. 279.)

POUND, J. The complaint alleges that the defendant Ferguson, on November 12, 1920, entered into a written lease with William Burrows whereby she demised to Burrows a garage property in New York city for the term of ten years, at a rental of $16,000 a year until September 1, 1926, and thereafter at a yearly rental of $18,000; that William Burrows died in November, 1925, leaving a last will, upon the probate of which letters testamentary were issued to these plaintiffs, as executors; that the plaintiffs as such executors entered into an agreement with the defendant Archer for the transfer of the lease to him; that Archer refused to complete the agreement on the ground that the lessor did not consent to the assignment. The complaint asks for a declaratory judgment that the plaintiffs may sell and give good title to the lease. The complaint was dismissed at Special Term upon a motion for judgment on the pleadings and a judgment of dismissal was granted. The Appellate Division unanimously affirmed the judgment.

The lease provides, among many other covenants, as follows:

" That the Tenant, shall not assign this agreement, or underlet or underlease the premises or any part thereof, * * * without the Landlord's consent in writing."

At the end of the lease appears the following general clause:

" And it is further understood and agreed, that the covenants and agreements herein contained are binding on the parties hereto and their legal representatives."

The judgment below proceeds upon a misconception of the effect of the final clause of the lease. It expresses merely what the law presumes in the absence of such a clause. " It is a presumption of law, in the absence of express words, that the parties to a contract intend to bind not only themselves, but their personal representatives." ( *Kernochan* v. *Murray*, 111 N. Y. 306, 308.)

An ordinary covenant against assignment does not bind the executors of the tenant and is not broken by a transfer of the leased premises by operation of law. (*Squire* v. *Learned*, 196 Mass. 134; *Gazlay* v. *Williams*, 210 U. S. 41.) The covenant may, however, be so drawn as expressly to prohibit such a transfer. To accomplish such a prohibition in case of a devolution to executors, its language must be " very special." (*Seers* v. *Hind*, 1 Ves. Jr. 294.) Such covenants are construed " with the utmost jealousy." (*Riggs* v. *Pursell*, 66 N. Y. 193, 201.) The use of general language, not specially related to the covenant against assignment — language which the law would imply as a term of the lease — is not the " very special " prohibition which the cases require. In *Roe* v. *Harrison* (2 Term Rep. 425) the covenant was that neither the tenant nor his executors or administrators shall let. The restriction was explicit and no doubt could arise as to the meaning of the parties.

On the death of the tenant, his property was transferred to the executors of his will by operation of law. They

had capacity to take and to dispose of it. If it had been the intention of the parties that the personal representatives of the tenant should not dispose of the lease as assets of the testator, the provision against assignment should have been directed to the particular fact. The duty of executors requires them to administer and settle the estate with due diligence. To interfere with the ordinary course of administration and compel them to hold the leased premises until the expiration of the term, something more than casual general words without meaning should appear.

The judgment of the Appellate Division and that of Special Term should be reversed and judgment on the pleadings directed in favor of the plaintiffs declaring that the covenant contained in the fourth paragraph of the lease does not prevent the assignment thereof by the plaintiffs, with ten dollars costs of motion and costs in all courts.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ., concur; KELLOGG, J., not sitting.

Judgment accordingly.