Strafford,
Dec. 3, 1929.

WALTER E. YOUNG *v.* LUETTA VOUDOMAS.

LUETTA VOUDOMAS *v.* WALTER E. YOUNG.

*Conrad E. Snow* (by brief and orally), for Walter E. Young.

*Burt R. Cooper* and *Gardner S. Hall* (*Mr. Cooper* orally), for Luetta Voudomas.

MARBLE, J. The plaintiff takes the position that although the assignment by the trustee in bankruptcy of all Brooks' interest in the demised premises and of all benefits arising out of the lease was not a breach of the covenant prohibiting assignment by the lessee and that the defendant was therefore entitled to occupy the premises until the end of the original three-year term (*Voudomas* v. *Bragg*, 83 N. H. 270), nevertheless the transfer by operation of law did not nullify the restriction altogether and the defendant is bound thereby to the extent that he cannot demand a renewal of the lease.

In support of this contention he relies upon the case of *Upton* v. *Hosmer*, 70 N. H. 493. There the benefit of a covenant for renewal is denied an assignee who has become such contrary to the provisions of the lease. But here the assignment by the trustee was not a violation of the covenant against assignment. *Voudomas* v. *Bragg*, 83 N. H. 270, 274, and cases cited. It is true that in *Upton* v. *Hosmer* the lessee's administrator assigned the lease to the plaintiff's husband; but the assignment complained of was that from the plaintiff's husband to the plaintiff (212 Briefs and Cases, 21), and the effect of the transfer by operation of law is not discussed.

If it had been the intention of the lessor to terminate the tenancy in case of bankruptcy a provision to that effect could have been inserted in the lease (35 C. J. 981), but in the absence of such a provision the trustee took the bankrupt's title to the lease and could convey all the rights which the bankrupt could claim thereunder, unaffected by the covenant in question. The defendant by virtue of the transfer succeeded to all the privileges of the lessee, and one of those privileges was the right to renew the lease. 2 Tiff., L. & T., 1549.

In *Squire* v. *Learned*, 196 Mass. 134, it was held that where the leasehold interest passed to executors by operation of law there was no breach of the covenant against assignment and the executors' assignees could compel specific performance of the agreement to extend the term.

Obviously, there must be a breach of some covenant in the lease before an assignee can be denied the benefit of a covenant for renewal, and since there was no such breach in the present case, the

defendant is entitled, as against the plaintiff, to possession of the premises for the renewal period.

*Judgment for Voudomas.*

SNOW, J., did not sit: BRANCH, J., was absent: the others concurred.