JACK SALTER, on Behalf of Himself and Other Stockholders of Columbia Concerts, Inc., and on Behalf of said Columbia Concerts, Inc., Plaintiff, *v.* COLUMBIA CONCERTS, INC., et al., Defendants.

Supreme Court, Special Term, New York County, February 26, 1948.

*Morse S. Hirsch, James F. Donnelly* and *Joseph Elias Davidson* for plaintiff.

*Godfrey Goldmark* and *Alvin Gallen* for defendants.

HOFSTADTER, J. The executrix of the will of the deceased plaintiff in a stockholder's derivative action, who died since its

commencement, moves to have herself substituted as plaintiff. The action was begun in January, 1947, and is at issue and on the Special Term Calendar pursuant to a note of issue for the April, 1947, Term. The original plaintiff died on June 7, 1947, leaving a last will and testament duly admitted to probate in the Surrogate's Court, New York County. This will, by article fourth, disposes of the decedent's capital stock in the corporate defendant as follows: "*Fourth*: I give, devise and bequeath unto my executor and trustee hereinafter named 973 1/6 shares of common stock in the Columbia Concerts Inc. in trust nevertheless, until such time as any and all claims in my favor arising out of the ownership of said stock are fully and completely settled and satisfied in accordance with the uncontrolled judgment of my said executor and trustee and upon such settlement and satisfaction of the said claims, the said shares are to be distributed in accordance with the provisions hereinafter set forth." By subsequent articles of the will the decedent bequeathed various shares of this stock to individuals, making each of the bequests, however, "subject to the provisions of paragraph Fourth hereof."

The defendants oppose the substitution of the executrix and contend that the substitution is prohibited by section 61 of the General Corporation Law as amended in 1944 (L. 1944, ch. 667), which, so far as here applicable, reads: "In any action brought by a shareholder in the right of a foreign or domestic corporation it must be made to appear that the plaintiff was a stockholder at the time of the transaction of which he complains or that his stock thereafter devolved upon him by operation of law."

This recent enactment adopts the rule which has long prevailed in the Federal courts and is now found in subdivision (b) of rule 23 of the Federal Rules of Civil Procedure. It was held under the predecessor of this rule that a derivative action does not abate on the plaintiff's death and that the action may be continued by the executor if the stock has devolved on him by the terms of the will. (*Spring* v. *Webb*, 227 F. 481.) The defendants concede on the present motion that the action does not abate but insist that the executrix has not legal capacity to continue it. They urge that the decedent's stock comes to her by his voluntary act, his will, and not by operation of law.

On this motion the court must decide whether the defendants' position is well taken. The court in *Spring* v. *Webb* (227 F. 481,

*supra*) did not treat this question at length but seems to have assumed that stock acquired by a personal representative under a will has passed to him by operation of law. Even though this case is not accepted as direct authority a significant analogy is found in the law of landlord and tenant. The prohibition against assignment found in most leases is generally held not violated by an involuntary assignment which takes effect by operation of law. In applying this rule of construction the courts have held that devolution by will takes place by operation of law. (*Francis* v. *Ferguson,* 246 N. Y. 516; *Squire* v. *Learned,* 196 Mass. 134; *Buddon Realty Co.* v. *Wallace,* 238 Mo. App. 900.) *Francis* v. *Ferguson* (246 N. Y. 516, *supra*) was an action for specific performance brought by the executors of the lessee's will to compel the defendant who had agreed to buy the lease to accept an assignment from the executors. In rejecting the argument that the assignment of the lease would result in its forfeiture the court said (pp. 518–519) : " On the death of the tenant, the property was transferred to the executors of the will by operation of law. They had capacity to take and dispose of it."

There is nothing in the language, history or purpose of section 61 of the General Corporation Law which calls for the application of a different rule when during the pendency of a derivative suit the plaintiff's stock passes by will to his estate. So far as the question for decision here is concerned, no real distinction is found between intestate and testate succession. In each case the critical event from which the succession springs is death, an event over which the decedent has no control. What follows in the disposition of the property left by him is as much the operation of law in the one case as in the other. There certainly is nothing in section 61 of the General Corporation Law which requires the denial of the right of the personal representative who has become the owner of the decedent's stock by the terms of his will to continue a derivative action properly commenced by the decedent in his lifetime. The motion to substitute the executrix is accordingly granted. Settle order.