## SECOND REALTY CORPORATION v. FIORE.

### No. 788.

Municipal Court of Appeals for the District of Columbia.

May 3, 1949.

Mark P. Friedlander, of Washington, D. C., for appellant.

Herman Miller, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

In 1875 the owner of the market building at 5th and K Streets, Northwest, leased one of the stands (No. 203) in that building to one Bradley for a period of 99 years, with right of renewal. The lease, which was recorded in the local land records, contained a clause reading: "It is mutually understood and agreed, that in the construction hereof, the word 'Lessor' shall be read so as to include 'its successors and assigns,' and the word 'Lessee' shall be read so as to include 'the executors, administrators and assigns' of said Lessee." In the ensuing years the lease was with the written consent of the lessor four times assigned to new lessees, each assignment being recorded and each reciting that it ran to the assignees, "executors, administrators and assigns." The last of these assignments, executed in 1919, ran to Michele DiStasio, who held thereunder until he died on March 15, 1946. In November 1947 the administratrix c. t. a. of his estate assigned to his widow "as the person named as beneficiary of the personal property" under his will the balance of the term of the original lease on the market stand involved, together with the business, trade name and good will connected therewith. In the meantime,

Michael Fiore, a grandson of the lessee and who had worked with him at the stand for many years and had operated it for his ailing grandfather during the four years preceding his death, continued to operate the stand for his grandmother.

By deed recorded September 5, 1947, Second Realty Corporation, which was plaintiff below, acquired title to the market property. The corporation also received a formal assignment of the DiStasio lease. Thereafter this litigation was commenced in the trial court. It was a suit for possession against the administratrix who it was charged breached the lease when she assigned it to Mr. DiStasio's widow. There was a directed verdict for defendant and the owner has brought this appeal.

The trial judge ruled that Michele DiStasio having by his will bequeathed all his personal property to his widow and that the lease in question constituting a chattel real and therefore being personal property, passed by operation of law to the administratrix c. t. a. He also ruled that the assignment by the administratrix to the widow was simply an act of administration in the disposition of the estate and that such assignment did not constitute a breach of the lease provision against assignment.

 We think the ruling was correct. When the plaintiff, the present owner of the property, acquired title thereto it did so subject to the existing tenancies including the one created by this lease. As will be seen from the quotation from the lease it was made to include not only the lessee but also his executors, administrators and assigns. And each of the several assignments including the one to Mr. DiStasio, all of which were pursuant to the express written consent of the then owner, also ran to executors, administrators and assigns. Therefore when Mr. DiStasio died we think it is plain that the leasehold became part of his estate, passing to his administratrix by operation of law. "An ordinary covenant against assignment does not bind the executors of the tenant, and is not broken by a transfer of the leased premises by operation of law." Francis v. Ferguson, 246 N.Y. 516, 159 N.E. 416, 417, 55 A.L.R. 982. As was pointed out in the case just cited if it had been the intention of the parties that the personal representatives of the lessee should not have the right to transfer the lease as an asset of the testator the provision against assignment should have so expressed it. That principle applies here. When the parties drew the original lease they could of course have provided that it should terminate upon the death of the lessee or of any succeeding lessee. Instead the lease was made to include executors, administrators and assigns. Under these circumstances it cannot be said that the assignment by the administratrix to the widow as testamentary beneficiary constituted a breach of the covenant against assignment. Our decision is also supported by Squire v. Learned, 196 Mass. 134, 81 N.E. 880, 11 L.R.A.,N.S., 634, 124 Am.St.Rep. 525, 12 Ann.Cas. 977; Joost v. Castel, 33 Cal.App.2d 138, 91 P.2d 172; Miller v. Bankers' Mortgage Co., 130 Kan. 543, 287 P. 618.

An analogy may be found in cases where upon the bankruptcy of a lessee, there being no lease provision to the contrary, the leasehold vests by operation of law in the trustee or other representative of the bankrupt. Gazlay v. Williams, 210 U.S. 41, 28 S.Ct. 687, 52 L.Ed. 950; In re Willow Cafeterias, 2 Cir., 111 F.2d 83; In re Prudential Lithograph Co., 2 Cir., 270 F. 469, certiorari denied Vernon Estate v. Lyttle, 256 U.S. 692, 41 S.Ct. 534, 65 L.Ed. 1174; In re Bush, D.C., R.I., 126 F. 878.

Affirmed.