Per Curiam.

The facts present a legal problem which has received attention from very early times but has taken on added significance due to the extension of leases by virtue of the rent laws.
The essential facts are as follows. One Mark Stier was a tenant by virtue of a lease of a store in a building owned by the landlords in this proceeding. Prior to the expiration of the lease he died. In his will he bequeathed the business conducted in the store to the tenants in this proceeding. The latter immediately took possession of the store and have remained in possession ever since. The lease expired by its terms and the tenants now claim the right to possession as statutory tenants. This proceeding to evict them challenges that claim. Several issues have been eliminated, some simplifying but others complicating the issue remaining. Although Stier left a will which was admitted to probate, neither the business nor the lease ever passed into the hands of his executors. The latter, consequently, never assigned the lease to the present tenants. The fact of Stier’s death and the change of occupancy did not become known to the landlords at the time and upon its becoming known this proceeding was brought. Consequently, no question of waiver of the clause in the lease against assignment without consent is presented.
*1098 It is the law of this State that an executor takes the unexpired term of a leasehold owned by Ms testator by operation of law, and not by assignment (Francis v. Ferguson, 246 N. Y. 516). The executor takes the leasehold free of the covenant against assignment and he may assign it at his pleasure (Francis v. Ferguson, supra). The reasoning by which this result is reached is that, in the absence of a covenant not to do so, a lease is assignable by the tenant just as any other interest in realty. The immunity of the executor from the covenant is a matter of interpretation. A clause binding on him can be inserted in the lease (Seers v. Hind, 1 Ves. Jr. 294). But general language will not accomplish that purpose. The reasoning was undoubtedly induced by the necessity of an estate for conversion of its assets without hindrance. The peculiar effect is that the executor has greater rights under the lease than his -testator had.
We now come to the question of whether the exemption of the executor is shared by a legatee. The early English cases were not unanimous. Holding that such a devise violated the covenant were Parry v. Harbert (1 Dyer 45 b) and Berry v. Taunton (Cro. Eliz. 331). To the contrary are Fox v. Swann (Sty. 482) and Doe v. Bevan (3 M. & S. 353). Both lines of decisions receive support in dicta. The landmark case in the United States has- been Squire v. Learned (196 Mass. 134). Although in that case the leasehold estate passed to the executors, the will contained a direction that they were to convey it to themselves as trustees. The court considered the situation as presenting a devise to the trustees. It was held that their leasehold estate was valid. Again the reasoning was interpretation of the lease, it being held that had the parties intended that the clause against assignment should apply to a transfer by will, that provision would have been included in the lease. There is every reason to believe from the parallel reasoning in the Francis case (supra) that our courts would follow Massachusetts in this situation.
' As the tenants in this proceeding were the rightful tenants during the unexpired portion of the lease, they became entitled to the benefit of the applicable rent laws. Therefore, the decision denying the landlord the right to evict them is correct and is affirmed.
The final order should be affirmed, with $25 costs.
Concur — Steuer, J. P., Hoestabter and Aurelio, JJ.
Final order affirmed, etc.