Wilfred A. Waltemade, J.
This is an application by the plaintiff for summary judgment, and the defendant has cross-moved for summary judgment. Plaintiff is the executrix and sole beneficiary of the estate of her mother who occupied a rent-controlled apartment under a lease made with the defendant, which lease by its terms commenced on March 1, 1962 and expiring on February 28, 1965. The mother died on May 12, 1964, and the plaintiff claims that, as the sole beneficiary, she and her family may now take possession of the apartment in question and continue in possession on the expiration of the lease as a statutory tenant.
The defendant, disputing plaintiff’s claims, urges that death terminated the lease; that plaintiff and her family were not members of the tenant’s family in occupancy under the lease in the lifetime of the tenant; and that the plaintiff as executrix was barred by paragraph 3 of the lease from making an assignment of the lease.
Paragraph 3 of the lease provides that: “ Tenant and Tenant’s heirs, distributees, executors * * * shall not assign * * * this agreement nor underlet, or use or permit the demised premises or any part thereof to be used by others, without the written consent of Landlord in each instance.”
*178 The sole legal issue to be determined is whether or not the occupancy of the apartment by the plaintiff and her family would constitute a breach of the covenant against assignment as expressed in paragraph 3 of the lease.
The unexpired term of a lease for years owned by a decedent is deemed an asset and it goes to the administrator or executor for distribution as part of the personal estate of the deceased (Schmitt v. Stoss, 207 N. Y. 731; Surrogate’s Ct. Act, § 202, subd. 1). In the absence of a specific bequest, a leasehold goes to an executor and not to an heir. (Abbey v. Wheeler, 85 Hun 226, app. dsmd. 170 N. Y. 122.) The will in the case at bar did not provide for a specific bequest of the leasehold, and therefore the leasehold must pass through the medium of the executrix.
Absent a provision in the lease to the contrary, an executor takes the leasehold free of the covenant against assignment and the executor may assign it at his pleasure (Francis v. Ferguson, 246 N. Y. 516). The lease in the case now before the court specifically prohibits an assignment by the tenant’s executors without the prior consent of the defendant landlord. The ease of Remford Corp. v. Rosenfeld (274 App. Div. 769) is decisive of the issue in the ease at bar. The facts in the Remford case are substantially similar to the facts in the instant case, with the exception that no claim was made that the executors were also the beneficiaries of the estate. The lease provision in that case relative to assignments is identical in language to that contained in paragraph 3 of the lease in the instant case. The court in the Remford case (supra) confirmed the right of the executors to take and remain in possession of an apartment as executors during the unexpired term of the lease, but not thereafter either individually or in their representative capacity. The case of Charcowsky v. Stahl (19 Misc 2d 1096), cited by the plaintiff is distinguishable on the facts from the case at bar. In the Gharcowshy case, the lease provision against assignments, did not prohibit an assignment by an executor or administrator. The lease provision was in its language similar to the lease provision in the case of Francis v. Ferguson (246 N. Y. 516). Further in the Gharcowshy case, there was a specific bequest of the leasehold.
It follows therefore that the occupancy of the apartment which is the subject of this action by the plaintiff and her family would violate the provisions of the lease. Accordingly, the defendant is entitled to judgment declaring that it is entitled to possession of the apartment upon the expiration of the lease and that the estate is liable, to the defendant, subject to such legal *179 defenses it may have if any, for rent in the sum of $120 per month from June 1,1964 to the date possession of the apartment is obtained by the defendant.
Plaintiff’s motion is therefore denied and defendant’s motion is granted.