■ In the Matter of RITA BRENNAN, Deceased. JOHN L. BRENNAN, Respondent; BREEZY POINT COOPERATIVE, INC., Appellant.—In a proceeding to determine the validity, construction, and effect of a disposition of real property contained in the will of Rita Brennan, deceased, the Breezy Point Cooperative, Inc., appeals from a resettled order of the Surrogate's Court, Queens County (Laurino, S.), dated May 10, 1990, which, *inter alia,* ratified and approved a stipulation signed by John L. Brennan dated October 23, 1989.

Ordered that the resettled order is affirmed, with costs payable by the appellant personally.

The issues before us arise from a technical error contained in the will of Rita Brennan. In her will, she attempted to devise a life estate in real property to John L. Brennan with the remainder to go to her named grandchildren, when in fact she owned no real property, but shares of stock in Breezy Point Cooperative, Inc., along with a proprietary lease for the land upon which the subject "real property" was situated *(see, Matter of Carmer,* 71 NY2d 781, 784; *Matter of State Tax Commn. v Shor,* 43 NY2d 151, 156). In an attempt to effectuate the uncontested purpose of the will *(see, Matter of Carmer, supra,* at 785; *Matter of Walker,* 64 NY2d 354, 357), John L. Brennan signed a stipulation in which he acknowledged that during his life he would be entitled to exclusive use and possession of the premises represented by the shares of stock

and the proprietary lease, but that he would not be permitted to sell the premises or cause any liens or encumbrances to be placed against the property.

The appellant's assertion that the order ratifying and approving the stipulation violates its by-laws and setup is without merit. Contrary to the appellant's assertion, the order appealed from does not permit John L. Brennan to become a member of the Breezy Point Cooperative, Inc., as a representative of the decedent's grandchildren instead of as an individual. Rather, the order specifically provides that Mr. Brennan is to "individually" apply for membership in the cooperative pursuant to the cooperative's by-laws, rules, and regulations and its standard form proprietary lease. Although the order states that Mr. Brennan shall hold the shares of stock "as a fiduciary" for his nieces and nephews, this language concerns the relationship between Mr. Brennan and his nieces and nephews, not the relationship between Mr. Brennan and the cooperative. The relationship between Mr. Brennan and the cooperative is specifically to be governed by the cooperative's standard form proprietary lease. The cooperative's inferences to the contrary are without merit.

We have examined the appellant's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, Lawrence and Santucci, JJ., concur.