*218 OPINION OF THE COURT
Luther V. Dye, J.
The decedent was the holder of a proprietary lease for a cooperative apartment and owner of certain shares of capital stock in the defendant cooperative housing corporation. The executrix of the estate sought to sell decedent’s apartment and presented potential purchasers to defendant. Defendant rejected all of these potential purchasers. The executrix subsequently filed a petition seeking an order declaring that the permission and consent of defendant is not necessary as a precondition to the assignment of the lease for the apartment and sale of decedent’s shares of stock. Following oral argument, the court deemed plaintiff’s papers a summons and complaint and defendant’s opposition papers as an answer and apprised the parties that the court would treat this matter as one seeking summary judgment. (See, CPLR 103 [c]; 3211 [c].) The court then afforded the parties an opportunity to submit additional papers.
Defendant argues that under the proprietary lease agreement the landlord’s consent to transfer or assign the lease and stock is required. In relevant part, paragraph fourth of said lease reads: "the lessee shall not assign this agreement, or underlet the premises, or any part thereof, or make any alterations or additions or improvements in the apartments or premises without the Lessor’s or agent’s consent in writing”. Defendant further asserts that said provision is binding upon decedent’s executrix pursuant to paragraph eighteenth of the lease which reads: "all provisions of this shall be binding upon or enure to the benefit of the parties hereto and their respective heirs, legal representatives, successors and assigns, or their successors in interest”. In addition, defendant asserts that section 236 of the Real Property Law exempts estates of deceased cooperative tenants from receiving the benefits of discharge of further liability under proprietary leases signed by decedents. Section 236 provides relief to the estate of a deceased tenant by relieving the estate of any further leasehold obligations if the landlord, upon request to consent to assignment or sublet, unreasonably refuses such consent or terminates the lease. (See, Joint Props. Owners v Deri, 113 AD2d 691.)
In Francis v Ferguson, the Court of Appeals, in the context of a commercial lease, held that "[a]n ordinary covenant against assignment does not bind the executors of the tenant” *219 unless the lease expressly includes the executors. (Francis v Ferguson, 246 NY 516, 518; also see, Charcowsky v Stahl, 19 Misc 2d 1096.) There, as here, the lease contained language to the effect that the provisions of the lease are binding upon "legal representatives”. In Rosefan Constr. Corp. v Salazar (114 Misc 2d 956), relied upon by defendant, the Civil Court, in the context of a residential lease, found section 236 of the Real Property Law applicable and therefore held that the executor was bound by the provisions of the lease. Section 236, however, provides that "[t]his act shall not apply to a proprietary lease, viz.: a lease to, or held by, a tenant entitled thereto by reason of ownership of stock in a corporate owner of premises which operates the same on a cooperative basis.”
Under its reading of the applicable law, the court concludes that decedent’s executrix is not bound by the provisions of the lease, and that the landlord’s consent is not required prior to assignment of the lease and transfer of decedent’s stock in defendant’s cooperative. To hold otherwise would create potential obstacles without redress that are inconsistent with an executor’s obligation to administer and settle an estate with due diligence.
In light of the foregoing, plaintiff is granted summary judgment.