■ NANCY J. CAVANAGH, as Executrix of RICHARD D. CAVANAGH, Deceased, Respondent, v 133-22ND STREET JACKSON HEIGHTS, INC., Appellant. [666 NYS2d 702] —In an action for a judgment declaring that the defendant's consent is not required prior to the assignment of the decedent's proprietary lease and the transfer of his shares in the defendant cooperative corporation, the defendant appeals from a judgment of the Supreme Court, Queens County (Dye, J.), dated February 21, 1997, which, *inter alia,* declared that the defendant's consent was not required.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for entry of a judgment declaring that the plaintiff may not assign the decedent's proprietary lease or transfer his shares in the defendant cooperative corporation without obtaining the defendant's written consent.

The plaintiff's decedent was a shareholder/lessee in a building owned by the defendant cooperative corporation. His proprietary lease provides that the lease may not be assigned without the written consent of the cooperative corporation. In accordance with paragraph 18 of the proprietary lease, the plaintiff, the executrix of the decedent's estate, is bound by its terms, which include the restriction on assignment.

The Supreme Court's reliance on the case of *Francis v Ferguson* (246 NY 516) to hold otherwise was misplaced. In that case, the Court of Appeals held that the executors of the estate of a deceased tenant were not bound by a covenant in a commercial lease prohibiting assignment without consent despite the existence of a general clause binding the parties and their legal representatives to the terms of the lease. We do not find the rule in *Ferguson* to be applicable in this case.

*Francis v Ferguson (supra)* involved a commercial, not a proprietary lease. In that case, the landlord had the right to arbitrarily refuse consent for any reason or no reason at all (*see, Mann Theatres Corp. v Mid-Island Shopping Plaza Co.,* 94 AD2d 466, 470, *affd* 62 NY2d 930). She could therefore prevent the estate from disposing of the lease as an asset while burdening the estate with the payment of rent for the balance of the lease term. The Court of Appeals would not permit such interference with the orderly and prompt administration of the estate in the absence of specific language dictating that result (*see, Francis v Ferguson, supra,* at 519).

The reasoning underlying the Ferguson decision is inapplicable here. The plaintiff is not precluded from disposing of an estate asset. While the defendant's board of directors has broad decision-making authority, it cannot act arbitrarily, as it owes a fiduciary duty to its shareholders/lessees and must act in good faith (*see, Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530, 537-538). Consequently, there is no reason to create a special rule which would, in effect, exempt an executor from the restrictions which apply to other holders of proprietary leases. Bracken, J. P., O'Brien, Thompson and Altman, JJ., concur. *[See,* 171 Misc 2d 217.]