■ William C. Morris, II, et al., as Coexecutors and Trustees of a Trust Created by William C. Morris, Deceased, Respondents, v Canadian Four State Holdings, Ltd., et al., Appellants. (Appeal No. 1.) [677 NYS2d 926] —Appeal unanimously dismissed without costs (*see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988; *see also, Chase Manhattan Bank v Roberts & Roberts,* 63 AD2d 566, 567; CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Green, J. P., Lawton, Hayes, Pigott, Jr., and Callahan, JJ.

■ William C. Morris, II, et al., as Coexecutors and Trustees of a Trust Created by William C. Morris, Deceased, Respondents, v Canadian Four State Holdings, Ltd., et al., Appellants. (Appeal No. 2.) [678 NYS2d 214] —Judgment unanimously affirmed with costs. Memorandum: Supreme Court properly granted plaintiffs' motion for summary judgment. The record establishes that in 1969 William C. Morris (decedent) and defendants' predecessors entered into a 60-year lease of The New Hartford Shopping Center. Decedent died in 1997, with 32 years of the lease remaining. Pursuant to the terms of decedent's will, the executors of the estate of decedent assigned all of his right, title and interest to the lease to a trust created under paragraph "THIRD" of the will. Defendants notified plaintiffs that the assignment of the lease to the trust violated the anti-assignment covenant of the lease and constituted an event of default, and they terminated the lease. Plaintiffs thereafter commenced this action seeking a declaration that the assignment of the lease did not require defendants' consent and properly conveyed decedent's interest in the leasehold.

Plaintiffs moved and defendants cross-moved for summary judgment. In granting plaintiffs' motion, the court concluded that assignment of the lease did not require defendants' consent. We agree.

Section 11.01 of the lease provides in part that "neither this Lease nor the interest of Tenant in this Lease, nor the interest of Tenant in any sublease, license or concession or rentals under any sublease, license or concession shall be sold, mortgaged, encumbered, assigned, or otherwise transferred, whether by operation of law or otherwise * * * without, in each case, the written consent of Landlord first had and received." Defendants contend that their consent was required because the assignment constitutes an assignment "by operation of law or otherwise". Because section 11.01 contains only "general language" and does not contain the requisite " 'very special' " language prohibiting the assignment of the leasehold based on its devolution to executors, it is insufficient to bar the instant assignment without defendants' consent (*Francis v Ferguson*, 246 NY 516, 518; *see, Squire v Learned*, 196 Mass 134, 137-138, 81 NE 880, 881). Specifically, the release does not bar decedent's " 'heirs, distributees and executors' " from assigning the lease (*cf., Putch v Jacard Realty Co.*, 44 Misc 2d 177).

Our conclusion is supported by section 40.07 of the lease, which provides that "[t]he agreements, terms, covenants and conditions herein shall bind and inure to the benefit of Landlord and Tenant and their respective heirs, personal representatives, successors and, except as otherwise provided herein, their assigns." Thus, the language of the lease contemplates the continuation of the lease upon the death of the tenant and the conveyance of the rights under the lease to the tenant's heirs, personal representatives and successors. Indeed, before the court defendants did not dispute plaintiffs' contention that the lease provided that the reserved lease term would not be forfeited upon the death of the tenant but, rather, would benefit his successors. Moreover, "[a] bequest to executors is always a bequest to them for others" (*Squire v Learned, supra*, 196 Mass, at 137, 81 NE, at 881), and it is their duty to administer the estate with due diligence (*see, Francis v Ferguson, supra*, at 519). Therefore, absent unequivocal language in the lease prohibiting the executors from assigning decedent's interest in the leasehold to the trust, the provisions of the lease may not be construed to compel the executors to hold the leased premises until the expiration of the term (*see, Francis v Ferguson, supra*). (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present— Green, J. P., Lawton, Hayes, Pigott, Jr., and Callahan, JJ.