■ In the Matter of the Estate of LIONEL POLLACK, Deceased. MIRIAM J. SILVER, Also Known as MIRIUM J. SILVER, Respondent; STEVEN G. POLLACK et al., Appellants. [795 NYS2d 296]—

In a proceeding, inter alia, for injunctive relief, Steven G. Pollack and Anita Pietronuto, as trustees of the Lionel Pollack Revocable Trust, appeal from an order and decree (one paper) of the Surrogate's Court, Nassau County (Riordan, S.), dated February 9, 2004, which, upon a decision of the same court dated January 26, 2004, determining that the grantor intended to convey to the petitioner a life estate in a certain cooperative

apartment known as 270-10 Grand Central Parkway, Apartment 20-V, Floral Park, N.Y., inter alia, granted that branch of the petitioner's motion which was to enjoin and restrain them from taking any action to evict the petitioner from the subject apartment "subject to the further Order of a Court which may find that despite this Court's construction of the Grantor's intent to create a life estate, an interpretation of the proprietary lease requires a different result."

Ordered that the order and decree is modified, on the law and the facts, by deleting from the second decretal paragraph thereof the words "subject to the further Order of a Court which may find that despite this Court's construction of the Grantor's intent to create a life estate, an interpretation of the proprietary lease requires a different result" and substituting therefor the words "provided that the petitioner remains in compliance with the provisions of the trust agreement, proprietary lease, and house rules of North Shore Towers Apartments Incorporated"; as so modified, the order and decree is affirmed, with costs; and it is further,

Ordered that the matter is remitted to the Surrogate Court's, Nassau County, to determine that branch of the petitioner's motion which was to impose a sanction upon the appellants for frivolous conduct, in effect, pursuant to 22 NYCRR 130-1.1, and for an award of an attorney's fee.

On April 2, 1994, the decedent, Lionel Pollack, executed a trust agreement, amended on January 1, 2003 (hereinafter the trust or the trust agreement), pursuant to which, inter alia, he devised and bequeathed to his "dear friend," the petitioner, [Miriam J. Silver, also known as Mirium J. Silver], the right to "use, occupy and possess" a certain cooperative apartment (hereinafter the apartment) "for and during her lifetime." The trust purchased shares in the cooperative North Shore Towers Apartments Incorporated (hereinafter North Shore) on October 25, 2002. In the purchase agreement for the apartment, the trust designated the decedent and the petitioner as the individuals who would occupy the apartment.

The decedent died on February 19, 2003. Upon his death, the appellants, his children, became cotrustees of the trust. By letter dated March 18, 2003, North Shore advised the petitioner that she was occupying the apartment without its consent and that it would take legal action if she did not remove herself from the premises. The petitioner commenced an action in the Supreme Court, Queens County, against North Shore and the trust in which she sought a permanent injunction restraining North Shore from removing her from the apartment and an

award of an attorney's fee against the trust for failing to provide her with legal representation as a trust beneficiary. The petitioner discontinued her action against North Shore by stipulation pursuant to which North Shore acknowledged, in pertinent part: "THAT the premises is occupied by [the] Plaintiff Miriam Silver pursuant to express occupancy rights granted by the [trust] in the purchase contract dated September 27th 2002 from Three Towers Associates ('Sponsor'). THAT North Shore is obligated to accept occupants designated by Sponsor and acknowledges the continuing rights of Miriam Silver to reside in the Premises subject to the proprietary lease and house rules of North Shore." By order dated September 19, 2003, the Supreme Court dismissed the action against the trust.

The trust subsequently sent the petitioner a 30-day notice to vacate the apartment on or before November 19, 2003, stating that the trust elected to terminate her "month-to-month tenancy" as of that date. The petitioner commenced this proceeding, inter alia, to enjoin and restrain the appellants from taking any action to evict her from the apartment. In a decision dated January 26, 2004, the Surrogate's Court determined that the decedent intended to convey to the petitioner a life estate in the apartment. In the order and decree appealed from, the Surrogate's Court granted the injunctive relief "subject to the further Order of a Court which may find that despite this Court's construction of the Grantor's intent to create a life estate, an interpretation of the proprietary lease requires a different result." We modify.

Cooperative apartments are personal property, not real property. While it is possible to devise a life estate in a cooperative apartment (*see Matter of Brennan,* 182 AD2d 619 [1992]), a trust is bound by the terms of a proprietary lease restricting life estates (*see Cavanagh v 133-22nd St. Jackson Hgts.,* 245 AD2d 481 [1997]). However, in this case, the petitioner's right to occupy the apartment was granted in the purchase agreement for the apartment. Moreover, pursuant to the stipulation between the petitioner and North Shore, North Shore acknowledged the petitioner's continuing right to occupy the apartment subject to the proprietary lease and its house rules. Thus, the appellants' argument that the petitioner's occupancy of the apartment exposes the trust to litigation was without merit.

The decedent's unmistakable intent was to convey to the petitioner a life estate in the apartment pursuant to the express terms of the trust. Thus, contrary to the appellants' assertion, the petitioner was not a month-to-month tenant.

We note that the Surrogate's Court did not determine that

branch of the petitioner's motion which was to impose a sanction upon the appellants for frivolous conduct, in effect, pursuant to 22 NYCRR 130-1.1, and for an award of an attorney's fee. Accordingly, we remit the matter to the Surrogate's Court, Nassau County, for such determination. Prudenti, P.J., Schmidt, Luciano and Lifson, JJ., concur.